**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel P. KRAMER, Defendant–
Appellant.**

**Daniel P. KRAMER, Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

**Nos. 93–1214, 93–2242.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 11, 1993.

Decided Dec. 20, 1993.

Rehearing Denied Feb. 10, 1994.

Andrea K. George, Asst. Federal Public Defender, Minneapolis, MN, argued, for defendant-appellant in No. 93–1214.

Appellant pro se in No. 93–2242.

Richard G. Morgan, Asst. U.S. Atty., Minneapolis, MN, argued, for plaintiff-appellee.

Before JOHN R. GIBSON, MAGILL, and LOKEN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Daniel P. Kramer appeals his resentencing after he violated his supervised release, and contends he is entitled to six months' credit for time spent in state custody before his federal custody began. He also appeals the district court's [1] dismissal of a second habeas

---

1. The Honorable Diana E. Murphy, Chief Judge for the United States District Court for the Dis-   trict of Minnesota.

petition raising closely-related issues.[2] We affirm the judgment of the district court denying Kramer credit for six months of state time in prison.

In 1990, Daniel Kramer pleaded guilty to Minnesota state charges of theft. The same year he also pleaded guilty to federal charges of bank fraud, and the district court sentenced him to fifteen months in prison and three years supervised release. At sentencing, the court said "it appeared" he was entitled to credit for state time already served, but the plea agreement was silent on the credit issue. Upon advice of the government, the Bureau of Prisons later denied Kramer the credit. Kramer filed a habeas petition, arguing that by denying him credit the government violated the terms of his plea agreement. The district court dismissed his petition, and Kramer appealed; however, because he had completed his sentence by the time his appeal reached this court, a panel of this court dismissed his appeal as moot. *United States v. Kramer*, No. 91–2186, 1991 WL 440102, slip op. at 1 (8th Cir. Nov. 22, 1991) [985 F.2d 566 (Table)]. Kramer subsequently violated his supervised release, causing the district court to revoke his release and resentence him to one year and one day in prison.

First, Kramer appeals his resentencing, arguing that his earlier appeal is no longer moot, that the Bureau of Prisons violated his plea agreement, and that he is entitled to either the application of a six-month credit to his upcoming imprisonment for violating the conditions of his supervised release, or alternatively, the right to withdraw his initial plea. In his appeal from the dismissal of his second habeas petition, Kramer *pro se* raises closely-related arguments, arguing that his original plea was coerced, that his original attorney gave him erroneous advice regarding the six-month credit, and that the government misrepresented that he was entitled to the six-month credit. Kramer is in es-

sence disputing the denial of the six-month credit for time he spent in state custody. Each of his appeals involves inextricably intertwined issues of fact and law. Both concern events surrounding Kramer's original plea, the subsequent denial of the six-month credit, and whether he should be released from his original plea agreement. Therefore, we consolidate both of Kramer's appeals and affirm the district court's judgments.

Kramer raised many of these same arguments once before, and another panel of this court dismissed that appeal as moot. *See United States v. Kramer*, No. 91–2186, slip op. at 1 (8th Cir. Nov. 22, 1991). Although we could easily dispose of his current appeal on mootness grounds, we believe a discussion on substantive grounds is appropriate.

■ Kramer essentially argues that the district court erred in denying his original habeas petition, and contends that the government violated his plea agreement by advising the Bureau of Prisons not to grant him credit for the previous state time he served. We reject Kramer's argument for several reasons.

■ First, the government and Kramer never made an agreement conditioning his plea on granting him credit for time already served. The record indicates that the parties specifically left the issue of credit for the sentencing court to resolve. Indeed, Kramer's attorney himself stated that the parties left the issue "up to the discretion of Judge Murphy." Second, in determining whether the government has fulfilled its obligations under a plea agreement, we look to the agreement's provisions. *United States v. Coleman*, 895 F.2d 501, 505 (8th Cir.1990). The plea agreement is silent on the issue of credit. Third, even if, as Kramer asserts, the prosecutor told Kramer he would receive credit, the plea agreement specifically states that the writing was the parties' complete agreement. The record indicates that when

---

2. Kramer filed a second habeas petition to accompany the appeal challenging the validity of his plea agreement to ensure that the issue of the validity of his underlying conviction was before this court. In the second habeas petition, Kramer sought to withdraw his original guilty plea for the underlying offense so that if this court found in his favor on the violation of the plea agree-

ment appeal he would have the opportunity to proceed to trial. The district court dismissed his petition and Kramer filed a timely appeal. Because we reject Kramer's challenge to the validity of his plea agreement, we need not engage in a lengthy discussion of his second habeas petition in which he seeks to withdraw his guilty plea.

Kramer entered his guilty plea he acknowledged verbally to the court that the plea agreement contained all promises made to the him. Finally, the Bureau of Prisons properly decided not to award Kramer credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) (1988) against double crediting. *See McIntyre v. United States,* 508 F.2d 403, 404 (8th Cir.), *cert. denied,* 422 U.S. 1010, 95 S.Ct. 2634, 45 L.Ed.2d 673 (1975) (federal prisoner not entitled to credit on a federal sentence when he received credit toward his state sentence for that same time period). The record shows that Kramer received credit for that six-month period against his state sentence for his state probation violation.

Kramer relies heavily on *Santobello v. New York,* 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971), and its progeny as support for his contention that a defendant must be allowed to withdraw a plea if the government breaches a promise in the plea agreement. These cases are inapplicable because, unlike *Santobello* in which the promise was contained in the plea agreement, Kramer's plea agreement contained no acknowledged representation of a promise by the government.

We affirm the judgment of the district court denying Kramer credit for six months of state time he already served.