**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

———————

No. 97-2869

———————

United States of America,   *
                             *
      Appellee,           *
                             * Appeal from the United States
v.                   * District Court for the
                             * District of Nebraska.
Dewayne Wright,        *
                             *
      Appellant.        *

———————

Submitted:   November 18, 1997
Filed:       May 29, 1998

———————

Before BEAM, HEANEY, and JOHN R. GIBSON, Circuit Judges.

———————

BEAM, Circuit Judge.

Dewayne Wright was tried and convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He appeals, challenging (1) the district court's[1] denial of his motion to suppress, (2) the court's failure to compel disclosure of the identity of the confidential informant, (3) certain evidentiary rulings, and (4) his sentence of 120 months' imprisonment. We affirm.

———————

[1]The Honorable William G. Cambridge, Chief United States District Judge for the District of Nebraska.

## I. BACKGROUND

On April 10, 1996, Officer Adam Kyle of the Omaha Police Department received information from a confidential informant regarding a purchase of crack cocaine that had allegedly taken place in an apartment located at 2214 Florence Boulevard. The informant, who had proved reliable in the past, reported that the occupant of the apartment, known to him as "Wayne," had indicated that he would have more crack available for sale later that evening. Based on this information, Kyle submitted an affidavit in support of a search warrant seeking crack cocaine, drug money, and items of venue from the subject apartment. A county court judge issued the warrant.

When they searched the apartment that night, officers found a loaded .38 caliber handgun on top of a television set, next to a plate of crack cocaine crumbs. Although the search warrant did not mention firearms specifically, officers seized the gun because they believed that it was related to the ongoing drug investigation. In addition, police ran a record check before leaving the apartment and learned that the occupant of the apartment, who turned out to be Dewayne Wright, was a convicted felon. They were, of course, aware of statutes making it illegal for a felon to possess a firearm. Wright was arrested and charged with possession of crack cocaine with intent to deliver, in violation of state law.

Thereafter, Special Agent Carlton M. Tarver of the Bureau of Alcohol, Tobacco, and Firearms learned of the arrest and charged Wright with violating 18 U.S.C. §

922(g), which prohibits possession of a firearm by a convicted felon.  Wright moved in limine to exclude all evidence discovered in the apartment search, as well as any statements he subsequently made to police, arguing that the warrant was not supported by probable cause.  He also moved to compel disclosure of the identity of the government's confidential informant.  The district court denied both motions, and Wright was convicted after a jury trial.  The court, applying an enhancement under

section 2K2.1(b)(5) or 2K2.1(c)(1) of the sentencing guidelines for possessing the gun in connection with another offense, determined Wright's offense level to be 30 and sentenced him to 120 months' imprisonment. See U.S. Sentencing Guidelines Manual §§ 2K2.1(b)(5), (c)(1) (1997). Wright now appeals the denial of his motion to suppress and his motions to disclose the confidential informant, the district court's decision to admit evidence of the crack cocaine found in the apartment, and the court's application of the sentencing enhancement.

## II. DISCUSSION

### A. Motion to Suppress

Wright argues that the affidavit submitted by Officer Kyle did not contain facts establishing the informant's reliability or basis of knowledge, and that the affidavit was therefore insufficient to constitute probable cause to support the search warrant. Thus, he claims that all evidence discovered in the search, as well as all evidence subsequently discovered flowing from the search, was inadmissible. See Wong Sun v. United States, 371 U.S. 471, 484 (1963).

We review an issuing judge's determination of probable cause for clear error. See United States v. Mahler, No. 96-3955, 1998 WL 145910, at *2 (8th Cir. Apr. 1, 1998). The Supreme Court has recognized that, because of the Constitution's "strong preference for searches conducted pursuant to a warrant," an issuing judge's "determination of probable cause should be paid great deference by reviewing courts." Illinois v. Gates,

462 U.S. 213, 236 (1983) (citation omitted). Accordingly, if we are satisfied that the issuing judge had a substantial basis to conclude that the search would uncover evidence of criminal activity, we will find that the warrant was valid and that the search was conducted in accordance with the standards of the Fourth Amendment. See id.

In order to determine the sufficiency of an affidavit to support probable cause, we consider the totality of the circumstances. See id. at 230-37; United States v. Hyten, 5 F.3d 1154, 1156 (8th Cir. 1993). In this case, the affidavit explained that a reliable informant had witnessed a purchase of crack cocaine at the subject apartment, and that he had heard the occupant state that he would have more crack for sale later that evening. The affidavit included the informant's physical description of the occupant, as well as the informant's knowledge of the location of the crack cocaine on top of the television set. Furthermore, the affidavit stated that the informant was not on parole or probation, that he was reliable, and that he had proved his reliability in the past by making controlled purchases under the direct supervision of Kyle and other officers of the Omaha Police Department.

The statements of a reliable confidential informant are themselves sufficient to support probable cause for a search warrant. See United States v. Pressley, 978 F.2d 1026, 1027 (8th Cir. 1992) (citing McCray v. Illinois, 386 U.S. 300 (1967)). The reliability of a confidential informant can be established if the person has a history of providing law enforcement officials with truthful information. See United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993). The affidavit submitted by Kyle stated, "the [confidential informant] has proven his/her reliability in the past by making controlled purchase[s] of crack cocaine under the direct supervision of affiant officers." Under the totality of the circumstances, this information adequately established the informant's track record and hence, his reliability.

-6-

The judge therefore had a substantial basis to conclude that the search would uncover evidence of a crime.  <u>See</u> <u>Gates</u>, 462 U.S. at 236.  We find no clear error in the determination of probable cause to issue the warrant. Accordingly, we affirm the district court's ruling that suppression of the evidence in this case was not warranted.

## B. Confidential Informant

Wright argues that the district court erred in not requiring the government to disclose the identity of the confidential informant. We review the court's decision for an abuse of discretion. See United States v. Fairchild, 122 F.3d 605, 609 (8th Cir. 1997). In a motion to compel disclosure of a confidential informant, the defendant bears the burden of demonstrating a need for disclosure. See United States v. Moore, 129 F.3d 989, 992 (8th Cir. 1997) (citing Roviaro v. United States, 353 U.S. 53, 59 (1957)). The court must weigh the defendant's right to information against the government's privilege to withhold the identity of a confidential informant, see id., and disclosure should not be ordered unless it is deemed "vital to a fair trial," United States v. Bourbon, 819 F.2d 856, 860 (8th Cir. 1987).

Although the informant in this case made a controlled purchase of crack cocaine in Wright's apartment, Wright was not convicted of a drug offense; he was convicted of being a felon in possession of a firearm. The weapons charge upon which Wright was convicted was based on the fact that, in the course of executing the search warrant, officers found a firearm in Wright's possession and obtained Wright's admission that he possessed the firearm because of the risks inherent in dealing crack cocaine. Under these circumstances, the informant could not offer any evidence, exculpatory or otherwise, bearing on the offense of which Wright was convicted. Wright has therefore not satisfied his burden to show that disclosure was vital to the fairness of his trial. We

find no abuse of discretion in the district court's denial of Wright's pre-trial motion to disclose the identity of the confidential informant.

Additionally, Wright claims that, because he was subject to an enhancement of his sentence under section 2K2.1(b)(5) or 2K2.1(c)(1) for possessing the firearm in connection with another offense, the district court should have ordered disclosure at least for the purpose of determining the propriety of an enhancement. We disagree. The court found that Wright had used the gun in connection with the offenses of

distribution and possession with intent to distribute crack cocaine.  Again, that finding was based on Wright's admission that he possessed the weapon to protect against the inherent risks of dealing in crack cocaine.  Any information the confidential informant might have offered would have had no effect on the court's conclusion in this respect.  We therefore affirm the denial of Wright's renewed motion to disclose the confidential informant at sentencing as well.

## C.  Evidence

Wright also asserts that the district court erred in allowing the government to introduce evidence of crack cocaine found during the search of his apartment.  While we do not believe that the district court abused its discretion in admitting the evidence, see, e.g., United States v. Smith, 49 F.3d 475, 478 (8th Cir. 1995) (finding no abuse of discretion in the district court's admission of drug evidence "closely and integrally related to" the central issue of whether the defendant possessed the firearm), we find that it was harmless error in any event, in light of the overwhelming other evidence of guilt.  See United States v. Hafiz, 129 F.3d 1011, 1012 (8th Cir. 1997).

## D.    Sentencing

Finally, Wright submits that mere possession of a firearm near narcotics cannot constitute possession "in connection with" another offense to qualify for a sentence enhancement under section 2K2.1(b)(5) or 2K2.1(c)(1), and that his enhanced sentence of 120 months' imprisonment should therefore be vacated.  Without further discussion,

we point out that the district court did not apply the enhancement to Wright's conduct based merely on evidence of proximity of the firearm to narcotics.  Rather, the court relied on Wright's admission that he possessed the gun in connection with narcotics trafficking.  We find no error in the application of the section 2K2.1(b)(5) or section 2K2.1(c)(1) enhancement to a defendant who admits that he possessed the firearm in

connection with another offense.  Accordingly, we affirm the 120-month sentence imposed by the district court.

We have considered the other arguments advanced by Wright and we find them to be without merit.

## III.    CONCLUSION

For the foregoing reasons, we affirm Wright's conviction and sentence.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.