# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4359

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States District |
| | * | Court for the Southern District of Iowa. |
| Deano Babe Formaro, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 12, 1998

Filed:  July 29, 1998

_____

Before McMILLIAN, ROSS and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

ROSS, Circuit Judge.

Deano Babe Formaro appeals from a judgment entered upon a conditional guilty plea to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§

841(a)(1) and 846. In the plea Formaro reserved his right to challenge the district court's denials of his suppression motions.[1] We affirm.

On March 21, 1997, Officer John Van Haaften, who was assigned to a county drug task force, submitted an application for a warrant to search Formaro's house. Van Haaften stated that since January 1996 the task force had been investigating Formaro and his wife for illegal drug distribution and during that time confidential informants had made controlled purchases of marijuana and methamphetamine from Formaro's house. In attachments to the application, Van Haaften stated that the informants had given reliable information in the past and that their information as to Formaro had been corroborated. A state court judge issued the warrant that day. On executing the warrant one week later, officers found one pound of methamphetamine, one-half pound of marijuana, over $29,000 in cash, a pistol, and drug paraphernalia.

On appeal, Formaro argues that the district court erred in denying his motion to suppress, claiming the information in the search warrant application was too vague and too stale to establish probable cause. His arguments are without merit. "Probable cause is a fair probability that contraband or evidence of a crime will be found in the location to be searched." United States v. LaMorie, 100 F.3d 547, 552 (8th Cir. 1996). "Our duty as a reviewing court is to ensure that the issuing judge had a 'substantial basis' for concluding that probable cause existed, and we owe substantial deference to

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa, denied Formaro's first motion to suppress. The Honorable Harold D. Vietor, Senior United States District Judge for the Southern District of Iowa, denied a second motion.

the determination of probable cause by the issuing judge." Id. (quoting Illinois v. Gates, 462 U.S. 213, 236 (1983)).

Formaro does not dispute that "[t]he statements of a reliable confidential informant are themselves sufficient to support probable cause for a search warrant." United States v. Wright, No. 97-2869, 1998 WL 271534, at *2 (8th Cir. May 29, 1998). However, he argues that Van Haaften's information concerning the reliability of the confidential informants was too vague. We disagree. "The reliability of a confidential informant can be established if the person has a history of providing law enforcement officials with truthful information." Id. In this case, Van Haaften noted that one of the informants had supplied information fifteen times and the information had led to two search warrants, four arrests and five drug charges, and that the other informant had supplied truthful information that led to seizure of contraband. "[T]his information adequately established the informant[s'] track record and hence, [their] reliability." Id.

Moreover, "corroboration of the [confidential informant's] information by independent investigation is an important factor in the calculus of probable cause." LaMorie, 100 F.3d at 553. As to the controlled buys, Van Haaften noted that the informants had been searched before the buys and, except for the time they were with Formaro, were under constant surveillance. Thus, the "issuing judge had a 'substantial basis' for concluding" that drugs would be found in Formaro's house.[2] Id. at 552; see

---

[2]Formaro also incorrectly argues that the information in the application was vague as to the location of the controlled buys. In the application, Van Haaften specifically stated that the informants had made "controlled purchases of marijuana

also United States v. Phillips, 88 F.3d 582, 586 (8th Cir. 1996) (officer's information in search warrant application established probable cause "based on the stated previous experience with the informant and the independent corroboration of his other comments").

We also reject Formaro's argument that the application was deficient because, except for the date of the last controlled buy, Van Haaften did not indicate the dates or the number of the other sales.[3]  Although it would have been preferable to include the information, we are "not convinced that the lack of specific dates [or number of buys] deprived the [judge] of essential information in determining probable cause." United States v. McKeever, 5 F.3d 863, 866 (5th Cir. 1993).  Applications "should be read in a 'common-sense and realistic fashion' and [judges] must make a practical decision based on the totality of the circumstances." Phillips, 88 F.3d at 585 (quoting United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995)).  In this case, even though the information in the application "lack[ed] factual specificity as to the exact dates," United States v. $149,442.43, 965 F.2d 868, 873 (10th Cir. 1992), we believe that Van Haaften's statements that Formaro had been under investigation since January 1996 and

_____

and methamphetamine from the Formaro[s'] residence," and in an attachment stated that one of the informants went into the house to purchase drugs. Even if the other informant had not purchased drugs at the house, there was sufficient probable cause to believe that evidence of drug activity would be found in the house. See United States v. Hulett, 22 F.3d 779, 780 (8th Cir.) ("Few places are more convenient tha[n] one's residence for use in planning criminal activity and concealing fruits of a crime.") (internal quotation omitted), cert denied, 513 U.S. 882 (1994).

[3]At the suppression hearing, Van Haaften testified that there were three controlled buys.

that during that time informants had made controlled purchases established probable cause to believe that Formaro had been involved in ongoing drug activity. As the government points out, the information in the application "support[ed] the inference that [Formaro] was more than a one-time drug seller." United States v. Pitts, 6 F.3d 1366, 1370 (9th Cir. 1993); see also United States v. Murphy, 69 F.3d 237, 240 n.2 (8th Cir. 1995) ( affidavit sufficient to support probable cause despite concerns about its "bare bones nature").

Nor, as Formaro argues, did the fact that the last controlled buy was made two and one-half weeks before the application render the information in the application stale. It is true that "[p]robable cause must exist when a warrant is issued, not merely at some earlier time." LaMorie, 100 F.3d at 554. However, "'[t]here is no bright-line test for determining when information is stale . . ., and the vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit.'" Id. (quoting United States v. Koelling, 992 F.2d 817, 822 (8th Cir. 1993)). "'Time factors must be examined in the context of a specific case and the nature of the crime under investigation.'" Id. (quoting Koelling, 922 F.2d at 822). In addition, "[w]here continuing criminal activity is suspected, the passage of time is less significant." Id. In this case, given that "continuing criminal activity [wa]s suspected," id., the two and one-half weeks lapse did not negate the existence of probable cause. Indeed, "in investigations of ongoing narcotics operations, 'intervals of weeks or months between the last described act and the application for a warrant did not necessarily make the information stale.'" United States v. Ortiz, No. 96-1183, 1998 WL 228126, at *5 (2d Cir. May 8, 1998) (quoting Rivera v. United States, 928 F.2d 592, 602 (2d Cir. 1991)); see also Pitts, 6 F.3d at

1369 ("'With respect to drug trafficking, probable cause may continue for several weeks, <u>if not months</u>, of the last reported instance of suspect activity.'") (quoting <u>United States v. Angulo-Lopez</u>, 791 F.2d 1394, 1399 (9th Cir. 1986)).

Likewise, "[b]ecause continuing criminal activity was suspected and corroborated, probable cause did not dissipate in the [seven] days that lapsed between the time the state court issued the warrant and its execution." <u>United States v. Gibson</u>, 123 F.3d 1121, 1125 (8th Cir. 1997) (four-day delay in executing search warrant for drugs did not invalidate search); <u>United States v. Williams</u>, 10 F.3d 590, 594-95 (8th Cir. 1993) (given ongoing nature of drug trafficking, eight-day delay did not invalidate search).

Formaro's argument that the district court erred in failing to hold a <u>Franks</u> hearing is also without merit. Under <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), "a facially valid affidavit for a search warrant may be challenged if it contains deliberate or reckless misrepresentations." <u>LaMorie</u>, 100 F.3d at 555. It is well-established that the burden is on "the defendant to show that the affiant omitted facts with the intent to make, or in reckless disregard of whether the omissions made, the affidavit misleading, and that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause." <u>Id.</u> Here, as the district court held, Formaro failed to make the required showing.[4]

---

[4]Even if the application were deficient, we agree with the district court's alternate holding that the search was lawful under the good-faith exception of <u>United States v. Leon</u>, 468 U.S. 897, 923 (1983). Under this exception, "absent allegations that the [issuing judge] was not neutral, 'suppression is appropriate only

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT

---

if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.' " United States v. Fulgham, No. 97-3681, 1998 WL 208101, at *3 (8th Cir. Apr. 30, 1998) (quoting Leon, 468 U.S. at 926).