# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2664

_____

United States of America,       *
                                  *

          Appellee,       *

                                  *   Appeal from the United States

      v.                    *   District Court for the

                                  *   Eastern District of Arkansas.

Gregory J. Martin,           *

                                  *   [UNPUBLISHED]

          Appellant.      *

_____

Submitted:  October 22, 1998
Filed:   November 3, 1998

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Gregory J. Martin appeals his conviction, upon his conditional guilty plea, for possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  For reversal, he argues that the district court[1] erred in denying his pretrial motion to suppress evidence.  We affirm.

_____

[1]The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

Martin had moved to suppress evidence seized pursuant to state search warrants for premises at 1804 and 1812 West 10th Street in Pine Bluff, Arkansas. In an affidavit supporting the warrants, a police detective attested that a confidential informant (CI) told him the following: Martin had returned from Los Angeles on May 19 with a large quantity of cocaine; Martin lived at 1804 West 10th Street; the drugs were being kept in that house or a vacant house next door at 1812 West 10th Street, where Martin often kept his "supply"; and both houses were owned by Martin's family. The officer further attested, inter alia, that the CI had proven to be "very reliable" in the past by making controlled drug purchases from four dealers and assisting police in six felony drug cases; that in each of those cases, "the information from the CI proved to be true and valuable to the case"; and that the officer had confirmed Martin's mother owned both properties. Martin argues the affidavit did not establish probable cause, in that it failed to set forth sufficient facts bearing upon the reliability of the CI.

We review for clear error a district court's decision not to suppress evidence obtained during the execution of a search warrant. See United States v. Mahler, 141 F.3d 811, 813 (8th Cir.), cert. denied, No. 98-5079, 1998 WL 396473 (U.S. Oct. 5, 1998). An issuing judge's determination of probable cause for the warrant is entitled to great deference. See United States v. Wright, 145 F.3d 972, 975 (8th Cir.), cert. denied, No. 98-5857, 1998 WL 596683 (U.S. Oct. 5, 1998). The "core question" in assessing whether information provided by a CI establishes probable cause is whether the information is reliable. See United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993). Reliability can be established if the CI has a history of providing law enforcement officials with truthful information. See United States v. Formaro, 152 F.3d 768, 770 (8th Cir. 1998); Wright, 145 F.3d at 975. "The statements of a reliable [CI] are themselves sufficient to support probable cause for a search warrant." Wright, 145 F.3d at 975 (citations omitted). Because the officer's attestations regarding the CI's past assistance sufficiently established the reliability of the CI, we conclude the district court did not clearly err in denying Martin's motion to suppress.

Accordingly, we affirm the judgment of the district court.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.