# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4009

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court from the District |
| | * | of Minnesota. |
| Bobby Glen Hawkins, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 9, 2000

Filed: June 21, 2000

_____

Before McMILLIAN, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

The police obtained a warrant to search a duplex. Bobby Glen Hawkins, a three-time felon, resided in the duplex's lower-level unit. As the police assembled outside the duplex to execute the search, one officer saw Hawkins emerge from the duplex. Hawkins made eye contact with the officer and then walked away. As Hawkins walked, the officer saw him reach into his pants, pull out a gun, and drop the gun in a snowbank. Hawkins was arrested, tried before a jury, and convicted for being a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1). On appeal, Hawkins contends

the search warrant was defective, and that the district court[1] committed two evidentiary errors at trial.  We affirm.

1.      Hawkins claims the gun should be suppressed because there was insufficient probable cause to issue the search warrant, and if so, the police had no reason to detain him just outside the duplex.  When presented with a suppression claim on appeal, we review the district court's findings of fact for clear error and review de novo the ultimate legal conclusion based on those facts.  See United States v. Pitts, 173 F.3d 677, 680 (8th Cir. 1999).

The warrant contained the following information:  a police officer's observation of several persons who walked up to the front porch of Hawkins' residence, stayed a short time, and left, and that such activity is consistent with drug dealing; a confidential reliable informant's statement that persons in the lower and upper units of the duplex were working together to sell drugs; a confidential reliable informant's statement that he went to the door of the duplex's lower unit, was met by a black male in his twenties who claimed to be currently out of drugs and who then led the informant to the upper unit for a drug buy; a statement by another confidential informant that in the past seventy-two hours he observed drugs and guns in the lower unit, and that the lower unit was occupied by a black male in his twenties who was a convicted felon known as "KD;" and a statement that "KD" was a street name for a convicted felon named Bobby Hawkins.  We find this information amounted to a fair probability that contraband or evidence of a crime would be found in Hawkins' level of the duplex.  See United States v. Formaro, 152 F.3d 768, 770 (8th Cir. 1998).  Thus, the warrant established sufficient probable cause.

----

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

2.      The gun Hawkins tossed into the snowbank was a 9 millimeter that contained three brands of ammunition.  At trial, during cross-examination of a police officer who participated in the search, Hawkins' counsel asked whether 9 millimeter ammunition was found in the upper unit of the duplex.  The government objected to the question as irrelevant.  Hawkins then made the following proffer of evidence to the district court: during the search, the officers recovered 9 millimeter ammunition from the upper unit of the duplex; the 9 millimeter ammunition found in the upper unit matched two of the three brands of ammunition found in the gun tossed by Hawkins; and, speculation that someone else might have tossed the gun into the snowbank from a window in the upper unit of the duplex.  The district court sustained the government's objection.

Hawkins argues the district court abused its discretion in sustaining the government's objection.  See United States v. Campa-Fabela, 210 F.3d 837, 840 (8th Cir. 2000) (standard of review).  We disagree.  Relevant evidence is evidence having any tendency to make the existence of any fact of consequence to the outcome of the case more probable or less probable.  See Fed. R. Evid. 401.  The fact of consequence in this case was whether Hawkins possessed the gun, and the ammunition found in the upper unit has nothing to do with possession.  While the ammunition may be relevant to proving ownership of the gun, ownership is not relevant to the offense in question.  See 18 U.S.C. § 922(g) (offense for felon to possess firearm).  In addition, while Hawkins theorized that the gun might have been tossed out the window, Hawkins made no specific showing of how, in reality, this was possible.  There was also uncontroverted eyewitness testimony that Hawkins possessed the gun and threw it in the snowbank.  Based upon the evidence before the district court, it did not abuse its discretion in sustaining the government's relevance objection.

3.      Prior to trial, Hawkins agreed to stipulate to the fact that he had previously been convicted of a felony.  The government wanted a stipulation that included the date of each of his three previous felony convictions.  The district court decided the

stipulation would have to reflect Hawkins' multiple felony convictions. The parties then entered into a stipulation that Hawkins had previously been convicted of "several crimes" that were felonies, and this stipulation was read to the jury.

Hawkins contends this stipulation violates the directive of Old Chief v. United States, 519 U.S. 172 (1997). Old Chief involved application of the federal evidentiary rule authorizing the exclusion of evidence when its probative value is substantially outweighed by the danger of unfair prejudice. See id. at 180 (applying Fed. R. Evid. 403). In applying this rule, the Court concluded the government must accept a defendant's offer to stipulate to his status as a felon when the name or nature of the prior offense raises the risk of unfair prejudice. See id. at 174. Hawkins contends Old Chief mandates the district court only present a stipulation to the jury acknowledging his status as a felon and the stipulation must not make any reference to multiple convictions.

We decline to address Hawkins' contention because by agreeing to the stipulation, he waived any right to argue error on appeal. A stipulation is an agreement between the parties as to a fact of the case, and, as such, it is evidence introduced by both of the parties. The Supreme Court recently observed that a "party introducing evidence cannot complain on appeal that the evidence was erroneously admitted." See Ohler v. United States, 120 S. Ct. 1851, 1853 (2000); see also United States v. Dailey, 918 F.2d 747 (8th Cir. 1990) (oral stipulation at trial waives defendant's right to argue against stipulated fact at sentencing and on appeal); 9 John Henry Wigmore, Evidence §§ 2588-90, at 821-22 (James H. Chadbourn rev. 1981) (vital feature of a judicial admission or stipulation is its conclusiveness on the party making it). The defendant at a criminal trial must make strategic choices, and Hawkins made the strategic choice to accept this stipulation rather than to press on appeal the government and district court's refusal to accept his stipulation. See Ohler, 120 S. Ct. at 1854. While Hawkins preferred a different stipulation, he ultimately agreed to the one presented to the jury, and waived his right to appeal.

-4-

The conviction is affirmed.

JOHN R. GIBSON, Circuit Judge, concurring in the result and in the judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-