# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2841

_____

Michael D. Baker,                          *
                                           *
              Appellant,                   *
                                           *   Appeal from the United States
      v.                                   *   District Court for the District
                                           *   of Minnesota.
J.W. Tippy,                                *
                                           *          [UNPUBLISHED]
              Appellee,                    *

_____

Submitted:  August 7, 2000

Filed:  August 10, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
      Judges.

_____

PER CURIAM.

      Michael D. Baker, a federal inmate serving a sentence for a drug conviction,
appeals the district court's[1] dismissal of his 28 U.S.C. § 2241 petition, and its denial
of his motion for a change of venue or dismissal.  In his petition, he complained the
Federal Bureau of Prisons (BOP) had failed to credit, against his federal sentence, time

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the
District of Minnesota, adopting the report and recommendations of the Honorable
Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.

he served between the date he was transferred via a writ of habeas corpus ad prosequendum from state to federal custody in order to face federal charges on a related offense, and the date his state sentence expired. We affirm.

Having reviewed the district court's findings of fact for clear error and its conclusions of law de novo, see Holman v. Kemna, 212 F.3d 413, 417 (8th Cir. 2000) we conclude, for the reasons stated by the district court, that Mr. Baker was not entitled to additional credit for this period. See 18 U.S.C. § 3585(b) (defendant shall be given credit toward service of imprisonment term for any time spent in official detention prior to date sentence commences as result of charge for which defendant was arrested after commission of offense for which sentence was imposed "that has not been credited against another sentence"); United States v. Wilson, 503 U.S. 329, 331-35 (1992) (acting through BOP, Attorney General--not sentencing court--is responsible for awarding credit for time served on federal sentence); Munz v. Michael, 28 F.3d 795, 798 (8th Cir. 1994) (writ of habeas corpus ad prosequendum does not alter prisoner's custody status, but merely changes location of custody); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993) (double-counting would contravene § 3585(b)'s proscription), cert. denied, 511 U.S. 1059 (1994).

We decline to review, for the first time on appeal, whether the district court failed to credit Mr. Baker's sentence other than for the period specified in his petition. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).

Finally, we conclude the district court did not err in refusing to grant a change of venue, see United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam) (§ 2241 petition may be filed in district where inmate is confined, in United States District Court for District of Columbia, or in any district in which BOP maintains regional office, as BOP can be considered inmate's custodian for purpose of calculating pretrial-detention credit), and it did not abuse its discretion in refusing to allow dismissal, because by the time Mr. Baker filed his request, the government had

responded to his petition and the Magistrate Judge had issued a report, <u>see</u> <u>Hamm v.</u> <u>Rhone-Poulenc Rorer Pharm., Inc.</u>, 187 F.3d 941, 950-51 (8th Cir. 1999), <u>cert. denied</u>, 120 S. Ct. 937 (2000).

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.