# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3319

_____

United States of America,     *
    *
        Appellee,     *
    *    Appeal from the United States
     v.     *    District Court for the
    *    District of Nebraska
Robert E. Watkins,     *
    *    [UNPUBLISHED]
        Appellant.     *

_____

Submitted: October 5, 2004
Filed: October 28, 2004

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Robert E. Watkins challenges his firearm conviction and the sentence the district court[1] imposed after his jury trial. For the reasons discussed below, we reject each of the numerous arguments raised by Watkins and his attorney on appeal, and we affirm.

First, we conclude the district court did not err in denying Watkins's motion to suppress evidence obtained from a warrant-based search of Watkins's residence

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

and vehicle. Although Watkins argues that the supporting affidavit of Sergeant Adam Kyle was not sufficient to establish probable cause for the warrant, we need not consider the issue, because we agree with the district court that Sergeant Kyle acted in good-faith reliance on the issuing judge's probable-cause finding when executing the warrant. See United States v. Carpenter, 341 F.3d 666, 668, 671 (8th Cir. 2003) (whether officer's reliance on warrant was reasonable is question of law, subject to de novo review; officer may rely on issuing judge's finding where probable cause is close question); United States v. Koons, 300 F.3d 985, 992 (8th Cir. 2002) (appeals court need not reach probable-cause issue if it concludes officer acted in good faith); United States v. Martin, 833 F.2d 752, 756 (8th Cir. 1987) (good faith analysis considers totality of circumstances, including facts known to officer but not included in affidavit); United States v. Anderson, 851 F.2d 727, 729-30 (4th Cir. 1988) (concluding that although affidavit – which stated officer was contacted by informant 72 hours before he sought warrant, might have been insufficient to establish probable cause because it did not state when informant actually observed criminal activity – officer's reliance on issuing judge's probable-cause finding was nevertheless objectively reasonable under United States v. Leon, 468 U.S. 897 (1984)), cert. denied, 488 U.S. 1031 (1989). Further, we disagree that Kyle's affidavit was "so lacking in indicia of probable cause" as to render official belief in its existence "entirely unreasonable." See Carpenter, 341 F.3d at 670 (although Leon does not apply where warrant is based on affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, Supreme Court's use of words "entirely unreasonable" is "strong choice of words" and should not be diluted).

Next, we believe the search of Watkins's Buick Skylark was within the scope of the search warrant. See United States v. Weinbender, 109 F.3d 1327, 1329 (8th Cir. 1997) (de novo review of determination whether officers exceeded scope of search warrant). Although the warrant did not explicitly state that the Skylark (or any other vehicle) could be searched, the warrant did authorize a search of the "premises"

at 3524 N. 39th Street; the warrant affidavit indicated Watkins had sold crack from the driveway at 3524 N. 39th Street, which is where the Skylark was parked; and before searching the Skylark Sergeant Kyle learned that Watkins had been living at 3524 N. 39th Street for several months. See United States v. Reivich, 793 F.2d 957, 963 (8th Cir. 1986) ("[A] vehicle found on a premises (except, for example, the vehicle of a guest or other caller) is considered to be included within the scope of a warrant authorizing a search of that premises."); cf. United States v. Pennington, 287 F.3d 739, 743, 745 (8th Cir.) (holding search of vehicles not listed in warrant was permitted where warrant authorized search of defendant's residence, including his "white modular home," "a metal outbuilding on the north side of the residence," and "a box trailer on the north side of the residence," and warrant affidavit stated defendant "often carries methamphetamine in his personal vehicle"), cert. denied, 537 U.S. 1022 (2002).

Next, Watkins cannot claim any error under Old Chief v. United States, 519 U.S. 172 (1997), because he agreed to the language of the stipulation introduced at trial, see United States v. Hawkins, 215 F.3d 858, 860 (8th Cir.) (defendant waived right to argue error under Old Chief when he agreed to language in stipulation that he had several felony convictions), cert. denied, 531 U.S. 972 (2000); and the court did not improperly infringe on Watkins's right to testify by stating at trial that his criminal history (excluding his manslaughter conviction) could be used for impeachment if he chose to testify, see Montgomery v. United States, 403 F.2d 605, 611 (8th Cir. 1968) ("[W]hen a defendant takes the stand on his own behalf he may be cross-examined with respect to prior felony convictions."), cert. denied, 396 U.S. 859 (1969).

As to Watkins's argument that the district court erred in allowing trial testimony regarding what Watkins characterizes as "prior bad acts," we question whether this testimony even prejudiced Watkins. Nevertheless, this unobjected-to testimony was not so prejudicial as to have affected Watkins's substantial rights, see

United States v. Griffith, 301 F.3d 880, 883 (8th Cir. 2002) (where defendant does not object to questions at trial, appeals court reviews only for plain error, i.e., whether questions were so prejudicial as to have affected defendant's substantial rights), cert. denied, 537 U.S. 1225 (2003); and given the overwhelming evidence at trial of Watkins's guilt, any error would be harmless, see United States v. Burns, 276 F.3d 439, 443 (8th Cir. 2002) (evidentiary errors are harmless where there is overwhelming evidence of defendant's guilt).

Watkins's ineffective-assistance arguments are more appropriately raised in collateral proceedings, see United States v. Zimmer, 299 F.3d 710, 722 (8th Cir. 2002), cert. denied, 537 U.S. 1146 (2003), and we find no abuse of discretion by the district court in not granting Watkins a new attorney based on his disagreement with his counsel during trial about whether to call certain witnesses, see United States v. Exson, 328 F.3d 456, 460 (8th. Cir.) (decision to grant new counsel is committed to sound discretion of district court; defendant must show justifiable dissatisfaction, i.e., conflict of interest, complete breakdown in communication, or irreconcilable conflict, with appointed attorney), cert. denied, 124 S. Ct. 549 (2003). The district court also did not abuse its discretion in refusing to compel disclosure of the informant's identity. See United States v. Wright, 145 F.3d 972, 974-76 (8th Cir.) (standard of review; holding disclosure of informant not required where informant, who had made controlled drug buy with defendant, could not offer evidence relating to felon-in-possession offense for which defendant was convicted), cert. denied, 525 U.S. 919 (1998).

Watkins's various complaints about the expert testimony of Daniel Bredow and Tully Kessler are also without merit: (1) Watkins did not object to their testimony at trial, see United States v. Collins, 340 F.3d 672, 682 (8th Cir. 2003) (appeals court reviews admission of expert testimony only for plain error where defendant failed to object at trial); (2) although Bredow was never formally admitted as an expert witness, he was qualified to provide fingerprint and firearm expert testimony based

-4-

on his experience as a crime lab technician and a firearm and tool-mark examiner, <u>see</u> Fed. R. Evid. 702 (expert witness may qualify as expert based on his "knowledge, skill, experience, training, or education"); and (3) Watkins has not explained how he could have rebutted the testimony of Bredow and Kessler had they submitted expert reports before trial, <u>cf.</u> <u>United States v. Kuenstler</u>, 325 F.3d 1015, 1023 (8th Cir. 2003) (rejecting defendant's argument that reversal was required because court erred in allowing opinion testimony from witnesses who had not been disclosed as experts; defendant failed to state how he would have rebutted such testimony had witnesses been properly disclosed as experts before trial), <u>cert. denied</u>, 124 S. Ct. 1037 (2004).

Finally, Watkins's sentence as an armed-career criminal does not implicate his Sixth Amendment rights, <u>cf.</u> <u>Blakely v. Washington</u>, 124 S. Ct. 2531, 2538 (2004) (sentence based on judicially found facts violates Sixth Amendment rights), because his offense level was determined based on the fact of his prior convictions, <u>see</u> <u>United States v. Kempis-Bonola</u>, 287 F.3d 699, 701-702 (8th Cir.) (illegal-reentry case; plain language of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), excepts fact of prior conviction from its holding), <u>cert. denied</u>, 537 U.S. 914 (2002).

Accordingly, we affirm.  We also deny all pending motions.

_____