# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3319

_____

United States of America,⠀⠀⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀⠀⠀Appellee,⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*⠀⠀Appeal from the United States
⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*⠀⠀District Court for the
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*⠀⠀District of Nebraska
Robert E. Watkins,⠀⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*⠀⠀[UNPUBLISHED]
⠀⠀⠀⠀⠀⠀⠀Appellant.⠀⠀⠀⠀*

_____

Submitted: June 21, 2005
Filed: July 13, 2005

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

This case is before the court on remand from the Supreme Court for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). In an opinion filed on October 28, 2004, we rejected numerous arguments raised by Watkins regarding his conviction and sentence for unlawful possession of a firearm as a previously convicted felon. With respect to all matters other than further consideration of Watkins's sentence in light of *Booker*, we adhere to our prior opinion. *See United States v. Watkins*, 2004 WL 2402604 (8th Cir. 2004) (unpublished).

Watkins's sentence did not involve a violation of the Sixth Amendment as interpreted in *Booker*, because the district court determined the applicable sentencing guideline range based on facts proved to a jury beyond a reasonable doubt and on the facts of Watkins's prior convictions. *See Booker*, 125 S. Ct. at 756; *United States v. Marcussen*, 403 F.3d 982, 984 (8th Cir. 2005). The district court's imposition of sentence pursuant to the mandatory sentencing guidelines, however, does constitute error under the remedial holding of *Booker* that the guidelines are effectively advisory in all cases.

Because Watkins raised no objection in the district court based on the Sixth Amendment or the mandatory nature of the guidelines, we review his sentence under the plain-error standard. *United States v. Pirani*, 406 F.3d 543, 549-50 (8th Cir. 2005). Under that standard, resentencing is warranted only if the record establishes a reasonable probability that the district court would have imposed a more favorable sentence under the advisory guideline system announced in *Booker*. *Id*. at 552.

After careful review of the record, we conclude that it does not meet the requisite standard for relief on plain-error review. The district court sentenced Watkins at the low end of the applicable guideline sentencing range of 210 to 262 months' imprisonment, but a sentence at the bottom of the range is insufficient, without more, to establish a reasonable probability of a more favorable sentence under the advisory system. *Id*. at 553. Watkins was sentenced as an armed career criminal, and his record includes a serious criminal history ranging from 1979 to 1997, including, among others, convictions for manslaughter, burglary (twice), assault and battery (thrice), attempted first degree assault, and possession of a weapon by a felon. In imposing sentence, the district court explained:

> I have sentenced you within the guideline range. The range does exceed
> 24 months. I've nevertheless selected a sentence at the low end of the
> guideline range. Although you didn't accept responsibility for the crime

of which you are convicted, you didn't impede or obstruct justice, but the sentence at the low end of the guideline, in my belief anyway, does sufficiently punish you and at the same time obtain the goals expressed by the Sentencing Commission. So those are the reasons for my sentence.

We see nothing in the district court's comments or the record as a whole that provides any basis other than speculation to conclude that a more favorable sentence would have been imposed under the advisory guideline system. Where the effect of the erroneous application of mandatory guidelines on the result in the district court is "uncertain or indeterminate – where we would have to speculate," the record does not establish that the error affected the defendant's substantial rights. *Id*.

Accordingly, the judgment of the district court is affirmed. Appellant's pro se motion to remand the case to the district court is denied.

_____