# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2127

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Jerry Angelle, Jr., | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 22, 2009
Filed: November 5, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury convicted Jerry Angelle, Jr., of conspiring to distribute 5 grams or more of cocaine base after having been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and 851; and distributing 5-50 grams of cocaine base after having been convicted of a felony drug offense, in violation of sections 841(a)(1), (b)(1)(B), and 851. The district court[1] imposed two concurrent 120-month prison sentences, the mandatory minimum, and Angelle appeals. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S.

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

738 (1967), arguing that the district court erred in allowing evidence of Angelle's prior drug conviction, and that there was insufficient evidence to support the convictions. In a pro se supplemental brief, Angelle argues that the district court should have instructed the jury that he could not conspire with a government informant; that the mandatory minimum sentence violates due process; and that trial counsel was ineffective. For the following reasons, we affirm.

Angelle waived his argument that his prior conviction should not have been admitted because he stipulated below that he had sustained the conviction, see United States v. Hawkins, 215 F.3d 858, 860 (8th Cir. 2000); and we find the evidence was sufficient to sustain both convictions based, among other things, on witness testimony about Angelle's drug dealings with multiple persons, some of whom resold the drugs, and items found in Angelle's residence, see United States v. Jones, 559 F.3d 831, 835 (8th Cir. 2009) (standard of review). As to counsel's contention that the witnesses were not credible, this was a matter for the jury. See id. at 835-36 (appellate court does not review witness-credibility issues).

Turning to the pro se arguments, we conclude that the district court did not plainly err in failing to give the jury instruction at issue because the evidence did not support it, see United States v. Refert, 519 F.3d 752, 756 (8th Cir. 2008) (standard of review), United States v. Nelson, 165 F.3d 1180, 1184-85 (8th Cir. 1999) (indictable conspiracy existed where individual that had acted as government informant was not so acting when engaging in drug transactions underlying charged conspiracy); the district court did not plainly err in imposing the mandatory minimum, see United States v. Olano, 507 U.S. 725, 731-36 (1993) (forfeited error is subject to plain error review), United States v. Mendoza, 876 F.2d 639, 641 (8th Cir. 1989) (mandatory minimum does not violate due process); and the ineffective-assistance claim is not properly raised in this direct criminal appeal, see United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006).

Finally, having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues.  Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw, subject to counsel informing Angelle about procedures for seeking rehearing or filing a petition for certiorari.

_____