# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2724
_____

United States of America

*Plaintiff - Appellee*

v.

Diondrey Hardwict, also known as CJ

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 15, 2022
Filed: October 3, 2022
[Unpublished]

_____

Before SHEPHERD, MELLOY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Diondrey Hardwict received a 216-month prison sentence after he pleaded guilty to possession with intent to distribute fentanyl. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C). As part of the plea agreement, he signed a broad appeal waiver.

Hardwict's briefing suggests that the waiver is unenforceable and that the district court[1] should have reduced the restitution award or eliminated it altogether.

Upon careful review, we conclude that the waiver is enforceable. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing the validity of an appeal waiver de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). And as to the specific restitution issue that Hardwict's counsel discusses, we conclude that there has been no error. *See United States v. Kramer*, 12 F.3d 130, 131–32 (8th Cir. 1993). We accordingly dismiss the appeal and grant counsel permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967).

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.