# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1671
_____

United States of America

*Plaintiff - Appellee*

v.

Curtis James Johnson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: February 13, 2023
Filed: May 15, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, STRAS and KOBES, Circuit Judges.
_____

PER CURIAM.

Curtis Johnson received a 348-month prison sentence after he pleaded guilty to drug and firearm crimes. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B); 18 U.S.C. § 924(c)(1). Although he is unhappy about the length of the sentence, we affirm.

One reason why Johnson's sentence was so long was his post-arrest conduct. The district court[1] gave him a two-level obstruction-of-justice enhancement after he asked his mother to bribe his sister-in-law, who was set to testify against him at trial. *See* U.S.S.G. § 3C1.1. He claims that the conversation with her on a recorded jailhouse line just "expressed a hope or aspiration" that she would refuse to testify on her own. But then why bring up money and direct his mother to "get on it"? Johnson's request was a textbook example of "attempting" to "unlawfully influenc[e] a . . . witness." *Id.* § 3C1.1 cmt. n.4(A). When he later tried to mislead the court about the nature of the call, it had every reason to deny an acceptance-of-responsibility reduction too. *See United States v. Tyndall*, 521 F.3d 877, 883 (8th Cir. 2008) (explaining that "[i]t is rarely appropriate to grant" this reduction after imposing an obstruction-of-justice enhancement).

Johnson also makes two arguments based on his plea agreement, but neither gets him far. First, he argues that the district court made a mistake by using a stipulation on drug quantity to calculate his base offense level, but *he* agreed to it and cannot take it back on appeal. *See United States v. Hawkins*, 215 F.3d 858, 860 (8th Cir. 2000) (explaining that, "by agreeing to the stipulation, [the defendant] waived any right to argue error on appeal"). Second, to the extent he claims the government had no contractual right to seek an enhancement, the agreement says otherwise. *See United States v. Kramer*, 12 F.3d 130, 131 (8th Cir. 1993) ("[I]n determining whether the government has fulfilled its obligations under a plea agreement, we look to the agreement's provisions.").

We accordingly affirm the judgment of the district court.[2]

_____

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

[2]We also grant Johnson's motion to file a supplemental pro se brief.