# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2939

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Efrain Campa-Fabela, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 11, 2000

Filed: April 28, 2000

_____

Before WOLLMAN, Chief Judge, FLOYD R. GIBSON  and MURPHY, Circuit
Judges.

_____

FLOYD R. GIBSON, Circuit Judge.

A jury convicted Efrain Campa-Fabela of illegal reentry into the United States
and possession with intent to distribute methamphetamine in violation of 8 U.S.C §
1326 and 21 U.S.C. § 841(a)(1).  The district court[1] sentenced Campa-Fabela to two
concurrent terms of one hundred and eighty months, eight years supervised release and
a $200.00 special assessment.  Campa-Fabela appeals his conviction, challenging the

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern
District of Iowa.

sufficiency of the evidence, the admission of certain testimonial evidence and claiming ineffective assistance of trial counsel. We affirm.

I.

Narcotics Enforcement Officers stopped Campa-Fabela after observing him driving erratically. After initially giving a false identity, Campa-Fabela provided the officers with his correct name and date of birth. He provided the address of his girlfriend, Jennifer Murphy, as his residence. Campa-Fabela lacked any identifying documentation and thus offered to take the officers to Murphy's address so that she could corroborate his identity. Although married, Campa-Fabela neglected to communicate this or to provide the officers with his wife's address.

The officers, suspicious of Campa-Fabela's alien status, contacted the office of Immigration and Naturalization Services (INS). INS informed the officers that Campa-Fabela had previously been deported for illegal re-entry and requested that he be detained. Campa-Fabela was taken to Polk County Jail, where $2700.00 in cash was discovered on his person and seized.

The INS also informed the officers of Campa-Fabela's marital status and provided them with his wife's address. During Campa-Fabela's detention, the officers proceeded to his wife's address. When they arrived, they found his wife and her fourteen year-old son, Allan Kennedy, leaving the residence. Kennedy was carrying a loud speaker. The officers asked for and received Mrs. Campa-Fabela's consent to search the premises for illegal drugs.

In their search, the officers discovered identification cards inside the house containing Campa-Fabela's name. Inside the loud speaker, the officers found 471.65 grams of methamphetamine, 443.51 grams of amphetamine, and 195.88 grams of cocaine. Campa-Fabela was charged with illegal re-entry in to the United States,

conspiracy to distribute methamphetamine, and possession with intent to distribute methamphetamine. Campa-Fabela pleaded not guilty to all charges and proceeded to jury trial.

At trial, Allan Kennedy testified that Campa-Fabela had stayed at his mother's residence occasionally over the preceding six months. He further testified that the loud speaker containing the drugs belonged to Campa-Fabela and was typically located in his mother's bedroom, which was shared by Campa-Fabela when he stayed at the residence. Additionally, Jennifer Murphy testified that Campa-Fabela had provided her with user amounts of cocaine and methamphetamine on several occasions throughout the course of their six-month relationship. Campa-Fabela made no objection at trial to the admission of Murphy's testimony. Mrs. Campa-Fabela refused to testify, claiming marital privilege.

II.

On appeal, Campa-Fabela first contends that the evidence supporting his conviction is legally insufficient. We review questions of sufficiency of the evidence *de novo*. See United States v. Brooks, 174 F.3d 950, 954 (8th Cir. 1999). "In reviewing the sufficiency of the evidence to support a guilty verdict, we look at the evidence in the light most favorable to the verdict and accept as established all reasonable inferences supporting the verdict." United States v. Davis, 154 F.3d 772, 786 (8th Cir. 1998), *cert. denied*, 525 U.S. 1161 (1999)(quoting United States v. Plenty Arrows, 946 F.2d 62, 64 (8th Cir. 1991)). "We will reverse only if 'no reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" United States v. Escobar, 50 F.3d 1414, 1419 (8th Cir. 1995) (quoting United States v. Frayer, 9 F.3d 1367, 1371 (8th Cir. 1993)).

Specifically, Campa-Fabela challenges the sufficiency of the evidence establishing knowing possession of methamphetamine. "Constructive possession of

drugs can be established if a person has 'ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed.'" See United States v. McCracken, 110 F.3d 535, 541 (8th Cir. 1997)(quoting United States v. Ojeda, 23 F.3d 1473, 1475 (8th Cir. 1994)). Proof of constructive possession satisfies the element of knowing possession. See id.

We have no difficulty reconciling the evidence presented at trial with the jury's determination that Campa-Fabela constructively possessed the methamphetamine in issue. The methamphetamine was discovered in a loud speaker at the residence of Campa-Fabela's wife. Evidence linked Campa-Fabela to this residence, the loud speaker and generalized participation in drug activity. First, Campa-Fabela's identification was found at the residence. Second, Allan Kennedy testified that Campa-Fabela lived, at least in part, at this residence, that he brought the loud speaker into the residence and kept it in the bedroom Campa-Fabela shared with his wife. Third, Jennifer Murphy testified that Campa-Fabela had recently provided her with cocaine and methamphetamine. Finally, the large quantity of cash discovered on Campa-Fabela's person is circumstantially consistent with drug trade. Based on this evidence, we conclude that sufficient evidence supported Campa-Fabela's conviction.

We turn next to Campa-Fabela's argument that the district court erred in admitting Jennifer Murphy's trial testimony regarding Campa-Fabela's previous provision to her of user amounts of cocaine and methamphetamine. Campa-Fabela posits that Murphy's testimony constituted impermissible propensity evidence under Federal Rule of Evidence 404(b). We disagree.

Typically, evidentiary rulings under Rule 404(b) are reviewed for an abuse of discretion. See United States v. Sumner, 119 F.3d 658, 660 (8th Cir. 1997). However, because Campa-Fabela failed to object to Murphy's testimony at trial, reversal is warranted only in the presence of plain error. See United States v. Pena,

67 F.3d 153, 155 (8th Cir. 1995)(reviewing admission of testimony for plain error in the absence of objection at trial). "Plain error occurs if (1) there is an error, (2) the error is obvious, and (3) the error affects a defendant's substantial rights." United States v. Hill, 91 F.3d 1064, 1072 (8th Cir. 1996)(citing United States v. Ryan,41 F.3d 361, 366 (8th Cir. 1994)(en banc)). "However, even if there has been plain error affecting the defendant's substantial rights, whether this Court will notice the error is a matter of discretion, and we reverse for plain error only where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." See United States v. Robinson, 110 F.3d 1320, 1324 (8th Cir. 1997)(citing United States v. Olano, 507 U.S. 725, 736 (1993)). The party asserting plain error bears this burden. See Ryan, 41 F.3d at 366.

Rule 404(b) is a rule of inclusion, permitting admission of other crimes evidence unless the evidence tends to prove only the defendant's criminal disposition. See United States v. Dobynes, 905 F.2d 1192, 1195 (8th Cir. 1990). Moreover, the district court has broad discretion to admit evidence of other crimes or bad acts under Federal Rule of Evidence 404(b) and its "decision will be overturned only when it is clear that the evidence had no bearing on the case." See United States v. Sykes, 977 F.2d 1242, 1246 (8th Cir. 1992). Such is not the situation in the present case. Given Campa-Fabela's denial of possession, Jennifer Murphy's testimony was relevant to showing that Campa-Fabela knowingly exercised dominion and control over, and thus possessed, the methamphetamine.[2] See United States v. Pena, 67 F.3d 153, 155 (8th Cir. 1995). Accordingly, we cannot say that the district court committed plain error in admitting this testimony.

---

[2] Although the district court failed to issue a jury instruction prohibiting improper propensity inferences, none was requested by the defense. As such, we find no error. See United States v. McGuire, 45 F.3d 1177, 1188 (8th Cir. 1995)(holding that "[t]he trial court need not issue a prior crimes limiting instruction sua sponte").

Finally, Campa-Fabela argues that his trial counsel was constitutionally ineffective. We decline, however, to consider this argument. As we have stated frequently, claims of ineffective assistance of counsel are generally more appropriately raised during a collateral proceeding under 28 § U.S.C. 2255. <u>See</u> <u>United States v. Bowers</u>, 21 F.3d 843, 844 (8th Cir. 1994)(per curiam).

For the reasons set forth above, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.