# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1569

_____

United States of America,                 *
                                           *
            Appellee,                      *
                                           *    Appeal from the United States
      v.                                   *    District Court for the
                                           *    District of Nebraska.
Emilio Valdez,                             *
                                           *    [UNPUBLISHED]
            Appellant.                     *

_____

Submitted: December 7, 2004
Filed: June 2, 2005

_____

Before BYE, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Emilio Valdez was convicted of possession with intent to distribute 50 grams or more of methamphetamine. At trial, the government presented testimony from two police officers who had searched Valdez's car. Although Valdez was not driving the car immediately before it was searched, he identified himself as the owner and consented to a search. The officers found 460.6 grams of methamphetamine in the vehicle. Nina Villela, who recently had pleaded guilty to unrelated drug charges and was awaiting sentencing, also testified at trial. She indicated that Valdez frequently distributed methamphetamine to her in quantities that ranged "from ounces to pounds."

Valdez moved for a judgment of acquittal at the close of the government's case-in-chief, but the district court[1] denied his motion. Valdez's sole defense witness was his brother, Antonio Ramirez Cortez, who testified that he – not Valdez – was the person who set up drug buys with Villela, and that he identified himself as "Emilio" when he was on the phone with her. Ramirez also testified that he was driving Valdez's vehicle the night that it was searched, and that Valdez had not been aware that there were drugs in the car.

The jury returned a verdict of guilty. A presentence investigation report ("PSR") recommended that Valdez be held responsible for 2.28 kilograms of methamphetamine, based on the 460.6 grams that were found in Valdez's car and on Villela's testimony that she had purchased four to five pounds of methamphetamine from Valdez. The PSR thus recommended a guideline range of 151-188 months' imprisonment. Valdez objected to the sufficiency of evidence to support the recommended drug quantity. The district court sustained the objection in part, and found that the drug quantity was between 500 grams and 1.5 kilograms. Valdez was then sentenced to 121 months' imprisonment and 5 years of supervised release.

Valdez's counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the evidence was insufficient to support Valdez's conviction. In considering the sufficiency of the evidence, we give the jury verdict the benefit of all reasonable inferences, and we ask whether any reasonable jury could have found the elements of the charged offense beyond a reasonable doubt. *United States v. McDougal*, 137 F.3d 547, 553 (8th Cir. 1998). Valdez's ownership and control of the vehicle in which police found methamphetamine supported his conviction based on a theory of constructive possession. *See United States v. Campa-Fabela*, 210 F.3d 837, 839-40 (8th Cir. 2000). The jury also was entitled to believe

---

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

Villela's testimony that she received methamphetamine from Valdez in the weeks prior to his arrest and that she had seen him retrieve drugs from the area near the car's stereo. This testimony is further evidence of Valdez's knowledge of, and his intent to possess, the methamphetamine that was found in the vehicle.

We have also considered the record in light of *United States v. Booker*, 125 S. Ct. 738 (2005). Valdez did not object to the district court's application of mandatory sentencing guidelines or a sentence based on facts neither admitted by the defendant nor proved to a jury beyond a reasonable doubt. Reviewing his sentence for plain error, *see United States v. Pirani*, No. 03-2871, slip op. at 11 (8th Cir. April 29, 2005) (en banc), we do not believe there is a "reasonable probability" that Valdez would have received a more favorable sentence if the district court had sentenced him under the advisory guidelines scheme announced in *Booker.* His sentence at the low end of the guidelines is insufficient to establish such a probability, *Pirani*, No. 03-2871, slip op. at 12, and we find nothing in the record to indicate that the court would have imposed a more lenient sentence under the advisory guidelines regime. "'[W]here the effect of the error on the result in the district court is uncertain or indeterminate – where we would have to speculate – the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error.'" *Id.* at 13 (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005)).

After an independent review of the record under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issues. We therefore affirm, and we grant counsel's motion to withdraw on the condition that counsel complies with Part V of this court's Amended Criminal Justice Act Plan.

_____