# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2118

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Gustine Evelyn Augustine, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 23, 2011
Filed: December 9, 2011

_____

Before MELLOY, SMITH, and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

On February 9, 2011, a jury found Gustine Evelyn Augustine guilty of being a prohibited person in possession of firearms and ammunition. 18 U.S.C. § 922(g)(1), (3). The district court[1] imposed a sentence of twenty-four months, varying downward from the Guidelines range of forty-six to fifty-seven months. On appeal Augustine challenges the district court's evidentiary rulings, her conviction, and her sentence. We affirm.

_____

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

I.     Background

Since at least 1998, Augustine has lived with Joseph Belt, an avid hunter, in his trailer in Pacific Junction, Iowa. They used marijuana frequently, and Augustine used methamphetamine periodically. Augustine had a troubled relationship with her drug dealer, Kevin Hershman. On July 23, 2010, Augustine and an acquaintance, Tammy Rocha, drove to Hershman's residence in Lincoln, Nebraska. At trial Hershman testified that their meeting ended abruptly when Augustine fled after stealing from Hershman's car a bag containing valuable items. Hershman sent text messages to Augustine concerning the theft, and he and Rocha reported the theft to the Lincoln police. Hershman and Rocha then drove to Belt and Augustine's trailer in Pacific Junction, after which they went to the Mills County Sheriff's Office and made largely corroborative statements to the police regarding the theft. They both also stated that Augustine's car dragged Rocha down the street as Augustine drove away with Hershman's bag. In her statement, Rocha alleged that Augustine drove to Hershman's residence that day intending to consume illegal narcotics, that Augustine accused Rocha of stealing Augustine's key to a gun safe in Augustine and Belt's residence, and that Belt kept a hunting rifle in a closet near their bed. Rocha also stated that the stolen bag contained illegal narcotics, and in addition she made statements concerning her own drug use.

Mills County Sheriff's Deputy Joshua England thereafter surveilled Augustine and Belt's residence, observing an individual enter and then leave the trailer. A traffic stop and subsequent arrest of that individual revealed possession of marijuana and methamphetamine. Based on that arrest and on Hershman's and Rocha's statements, Deputy Denise Jens applied for and obtained a warrant to search the residence.

Upon executing the warrant that same day, police observed that Augustine appeared to be sleeping on a couch in the living room and that Belt appeared to be walking toward a shotgun that was also in the living room not far from Augustine. In

addition to that shotgun, the search revealed five firearms in a locked gun safe located in their bedroom. The deputies also found marijuana in the gun safe, ammunition on the bedroom floor, and drug paraphernalia on a living room coffee table. The deputies also recovered from the coffee table a key chain that included a key to the gun safe. After receiving a warning pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), Augustine advised Deputy England that she owned all the marijuana in the trailer and that Belt had placed the shotgun by the door because of safety concerns stemming from Hershman's texts to Augustine.

At trial Augustine testified that she did not have access to the locked gun safe. Belt testified that he kept the gun safe locked, but he also testified that he kept his key to the gun safe in an unlocked dresser in their bedroom. Further, Hershman testified at trial that he once stole a key to Belt's gun safe from Augustine's key chain.

In the weeks following her arrest, Augustine left a series of irate and profane voice messages with the Sheriff's Office. Many of those messages pertained to a key to the gun safe that Augustine alleged was in the possession of the Sheriff's Office. In those messages she repeatedly used language indicating that she and Belt jointly owned the gun safe.

A federal grand jury returned an indictment against Augustine on October 13, 2010, charging her with being a felon and an unlawful user of a controlled substance in possession of firearms and ammunition. 18 U.S.C. § 922(g)(1), (3). The grand jury then returned a superseding indictment on November 16, 2010, adding Belt as a co-defendant. Augustine moved to suppress the evidence obtained from the search of the trailer, which the district court denied. The district court also denied a motion for judgment of acquittal that Augustine made at the close of evidence. After the jury returned a guilty verdict, the district court denied Augustine's post-trial motions for judgment of acquittal and for a new trial. The district court then sentenced Augustine

to twenty-four-months' imprisonment on May 9, 2011, varying downward from the Guidelines range of forty-six to fifty-seven months.

## II.    Analysis

### a.    The Evidentiary Rulings

Augustine first argues that the search warrant lacked probable cause and that the district court therefore erred when it denied her motion to suppress the fruits of the search conducted pursuant to that warrant. "On appeal of the grant or denial of a motion to suppress, we review the district court's historical factual findings for clear error and its conclusions of law on the probable cause issue de novo." United States v. Wells, 223 F.3d 835, 838 (8th Cir. 2000). "Our role is to ensure that the evidence as a whole provides a substantial basis for finding probable cause to support the issuance of the search warrant." United States v. Terry, 305 F.3d 818, 822 (8th Cir. 2002). "For probable cause to be shown, the warrant application and affidavit must describe circumstances showing that, based on practical experience and common sense, there is a fair probability that contraband or similar evidence will be found in the targeted place." United States v. Nguyen, 526 F.3d 1129, 1133 (8th Cir. 2008). "When reviewing the sufficiency of an affidavit to support probable cause, we consider the 'totality of the circumstances.'" United States v. Searcy, 181 F.3d 975, 981 (8th Cir. 1999) (quoting United States v. Wright, 145 F.3d 972, 975 (8th Cir. 1998)).

The search warrant application in this case supports a finding of probable cause. As the district court noted, Rocha's and Hershman's statements largely corroborate each other. Consistent with Rocha's statement that the stolen bag contained illegal narcotics, Deputy England found both marijuana and methamphetamine on an individual after that person left Augustine's residence. Further, Rocha alleged that she had seen narcotics and firearms in the trailer on prior occasions. Finally, Rocha made

statements against her own penal interest when she told law enforcement about her own drug use, further establishing her credibility. United States v. Tyler, 238 F.3d 1036, 1039 (8th Cir. 2001). The district court properly denied Augustine's suppression motion.

Next, Augustine argues that the district court erred when it admitted into evidence some of the voice messages that Augustine left with the Sheriff's Office. Specifically, Augustine argues that those pieces of evidence were unfairly prejudicial under Fed. R. Evid. 403. "'A district court enjoys wide discretion in ruling on the admissibility of proffered evidence, and evidentiary rulings should only be overturned if there was a clear and prejudicial abuse of discretion.'" Vasquez v. Colores, 648 F.3d 648, 652 (8th Cir. 2011) (quoting Bady v. Murphy-Kjos, 628 F.3d 1000, 1002–03 (8th Cir. 2011)). Rule 403 does not exclude all prejudicial evidence but only "protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis." Wade v. Haynes, 663 F.2d 778, 783 (8th Cir. 1981).

While the voice messages are probative of Augustine's ability to exercise dominion and control over Belt's firearms—in those messages she at times refers to the gun safe as "our" gun safe—Augustine argues that the inflammatory language she used in those messages unfairly prejudiced the jury against her. While Augustine's language and tone in the voice messages may have had a prejudicial effect, the district court mitigated any such prejudice by admitting some but not all of the voice messages. "Given that under Rule 403 the general rule is that the balance should be struck in favor of admission, and that we must give great deference to the trial judge who saw and heard the evidence, we cannot say that the trial court abused its discretion in admitting" the recordings. United States v. Levine, 477 F.3d 596, 603 (8th Cir. 2007) (citations and marks omitted).

b.       The District Court's Denial of Augustine's Motions for Judgment of Acquittal and for a New Trial

Augustine next argues that the district court erred in denying her motion for judgment of acquittal, challenging the sufficiency of the evidence. "'In reviewing the sufficiency of the evidence to support a guilty verdict, we look at the evidence in the light most favorable to the verdict and accept as established all reasonable inferences supporting the verdict.'" United States v. Campa-Fabela, 210 F.3d 837, 839 (8th Cir. 2000) (quoting United States v. Davis, 154 F.3d 772, 786 (8th Cir. 1998)). While "[t]his Court reviews de novo a district court's denial of a motion for judgment of acquittal," United States v. Renner, 648 F.3d 680, 688 (8th Cir. 2011), "[w]e review a challenge to the sufficiency of the evidence deferentially . . . and affirm if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Goodyke, 639 F.3d 869, 872 (8th Cir. 2011).

The only contested element of the charged offense is whether Augustine constructively possessed a firearm or ammunition. "'Constructive possession of the firearm is established if the person has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself.' Constructive possession can also be established 'by a showing that the firearm was seized at the defendant's residence.'" United States v. Abdul-Aziz, 486 F.3d 471, 477 (8th Cir. 2007) (quoting United States v. Boykin, 986 F.2d 270, 274 (8th Cir. 1993)).

Augustine points to evidence showing that she never had access to Belt's firearms because they were locked in the gun safe. In addition, Augustine attempts to diminish the import of evidence indicating that she did in fact enjoy dominion and control over those firearms. She characterizes her voice messages indicating that she and Belt jointly owned the gun safe as "sloppy statements during rants." She argues that her mere proximity to the shotgun in the living room does not establish the knowing ability to exercise dominion and control over the firearm. And she argues

that Hershman lacks sufficient knowledge to state that the key chain from which he took the key belonged to Augustine.

In essence, Augustine urges this Court to make witness assessments and credibility determinations that are contrary to those the jury made, which is exactly what this Court cannot do. "We do not weigh the evidence or assess the credibility of the witnesses. The jury has the responsibility of resolving conflicts or contradictions in testimony, and we resolve any credibility issues in favor of the verdict." United States v. Ali, 616 F.3d 745, 755 (8th Cir. 2010). The jury heard evidence that Augustine possessed a key to the gun safe, that her marijuana was kept in the gun safe, and that the police found a shotgun close to her in the trailer's living room. Indeed, the jury heard Augustine herself refer to the gun safe as if she were its owner. Moreover, her statement to police that Belt had placed the shotgun in the living room out of safety concerns suggests that before law enforcement arrived, she knew that the gun was in the room with her. Based on this evidence and the inferences it supports, we cannot say that the jury's verdict lacked support beyond a reasonable doubt. The district court committed no error in denying Augustine's motion for judgment of acquittal.

As to Augustine's motion for a new trial, it was "the district court's task to weigh the evidence and evaluate the witnesses' credibility to determine if a miscarriage of justice may have occurred." United States v. Devries, 630 F.3d 1130, 1132 (8th Cir. 2011). We review the district court's ruling for abuse of discretion. Id. Here, the record does not reveal—nor can Augustine identify—any miscarriage of justice. Accordingly, we affirm.

     c.    The Sentence

First, Augustine challenges the district court's application of a two-level enhancement for possession of three to seven firearms pursuant to U.S. Sentencing

Guidelines Manual § 2K2.1(b)(1)(A) (2009). "'This court reviews the district court's construction and application of the Sentencing Guidelines de novo, and we review its factual findings regarding enhancements for clear error.'" United States v. Jackson, 639 F.3d 479, 482 (8th Cir. 2011) (quoting United States v. Bastian, 603 F.3d 460, 465 (8th Cir. 2010)). "'Only if we have a definite and firm conviction that a mistake has been made' will we reverse the sentencing court's factual findings," which need only be made by a preponderance of the evidence. United States Branch, 591 F.3d 602, 611 (8th Cir. 2009) (quoting United States v. Garcia, 512 F.3d 1004, 1005 (8th Cir. 2008)).

Augustine argues that she did not have access to Belt's gun safe, pointing to Belt's testimony to that effect. Further, Augustine attacks Hershman's testimony—that Augustine in fact possessed a key to the safe—by highlighting Hershman's criminal record and motive to lie. Again, however, such credibility determinations are not for this Court to make. United States v. Garcia, 512 F.3d 1004, 1006 (8th Cir. 2008). Because the district court saw sufficient evidence to support by a preponderance of the evidence its finding that Augustine enjoyed access to the gun safe and therefore possessed multiple firearms, we affirm the district court's application of the sentencing enhancement.

Second, Augustine argues that the district court erred in denying a downward departure based on an over-represented criminal history. "We have no authority, however, to review the district court's denial of Defendant's request for a downward departure because Defendant does not argue that the district court had an unconstitutional motive in denying [her] request and because the district court recognized that it had the authority to depart downward." United States v. Butler, 594 F.3d 955, 966–967 (8th Cir. 2010). Accordingly, we may not revisit the district court's decision.

Finally, Augustine argues that the district court's denial of her motion for a variance to a sentence of probation was "simply unreasonable." We review the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . , tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Hill, 552 F.3d 686, 690 (8th Cir. 2009) (alterations in original) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). In support of her argument, Augustine points to her efforts at rehabilitation, her mental health and substance abuse problems, and her performance on pretrial release. The district court carefully weighed those circumstances, as well as the unusual nature of the crime, against Augustine's criminal history, concluding that a sentence of probation would be "inappropriate." Based on the record, we cannot conclude that the challenged, below-Guidelines sentence is substantively unreasonable. See United States v. Kane, 639 F.3d 1121, 1136 (8th Cir. 2011) ("'[S]ubstantive review exists, in substantial part, to correct sentences that are based on unreasonable weighing decisions.'" (quoting United States v. Irey, 612 F.3d 1160, 1194 (11th Cir. 2010))). The district court did not abuse its discretion when it denied Augustine's motion and instead imposed a sentence of twenty-four months—a sentence that already represents a twenty-two-month downward variance from the Guidelines range's low end. See United States v. Cunningham, 593 F.3d 726, 733 (8th Cir. 2010).

III.    Conclusion

We affirm the decision of the district court.

_____