# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2790

_____

United States of America,              *
                                      *

        Appellee,           *

                                        *   Appeal from the United States

     v.                        *   District Court for the

                                        *   Western District of Arkansas.

Paul T. Odom,                  *

                                        *      [UNPUBLISHED]

        Appellant.         *

_____

Submitted: February 9, 2012
Filed: February 15, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Paul Odom pleaded guilty to drug-trafficking and firearm charges. See 18 U.S.C. §§ 924(c)(1)(A) and 2; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846. After finding that he was a career offender, the district court[1] sentenced him to 260 months in prison. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting that Odom's career-offender status overstated the seriousness of his criminal history, which consisted of only

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

nonviolent crimes related to his methamphetamine addiction, and thus the sentence was unreasonable.

We conclude the district court did not impose an unreasonable sentence:  the court committed no significant procedural error in sentencing Odom, see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (describing procedural error); and the sentence--a 62-month downward variance from the Guidelines range--was substantively reasonable, see United States v. Augustine, 663 F.3d 367, 374-75 (8th Cir. 2011) (no abuse of discretion where district court granted smaller downward variance than requested by defendant, but considered arguments in support of greater downward variance when making sentencing determination).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issue.  Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____