# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3190

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Antoine Porter, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 16, 2012
Filed: August 2, 2012

_____

Before LOKEN, COLLOTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Antoine Porter was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Porter was convicted after a jury trial and was sentenced to 33 months imprisonment. Porter appeals his conviction arguing the district court[1] erred in denying his motion for judgment of acquittal based on insufficient evidence and erred in overruling Porter's objection to statements made by the Government's counsel during closing arguments. We affirm.

---

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

I.

On July 21, 2010, Officers Joshua Becherer and Jason Chambers conducted surveillance of a Phillips 66 gas station on Broadway Street in St. Louis, Missouri. The officers observed a red Dodge Charger pull into the gas station parking lot and observed the driver, who turned out to be Porter, exit the vehicle clutching the pocket of his shorts with his hand. Officer Becherer was trained in how to identify an armed gunman and believed the way the driver was clutching his pocket indicated he was carrying a weapon. The officers observed the driver remove an object from his pocket, place it underneath his vehicle behind his tire, and go into the gas station. Through Officer Becherer's training, he had learned that it was common for an armed gunman to remove his weapon from his person to conceal it before entering a location where he would be for a period of time.

When Porter exited the gas station, the officers identified themselves as policemen and asked if Porter would speak with them. Eventually, Officer Becherer searched the area under Porter's vehicle where he had observed Porter place an object and found a firearm. Porter informed the officers that he was "the muscle" of the gas station, that the gas station was a violent area, and that those were the reasons why he carried a weapon.

Porter was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Porter pled not guilty to the charge and went to trial. He was convicted by a jury and now appeals.

II.

At the close of the Government's case, Porter made a motion for acquittal based on insufficient evidence under Federal Rule of Criminal Procedure 29. The court denied the motion, and Porter now appeals that ruling. We "'review[] de novo

-2-

a district court's denial of a motion for judgment of acquittal.'" United States v. Augustine, 663 F.3d 367, 373 (8th Cir. 2011) (citation omitted). A judgment of acquittal must be entered for "'any offense for which the evidence is insufficient to sustain a conviction.'" United States v. Vega, 676 F.3d 708, 721 (8th Cir. 2012) (quoting Fed. R. Crim. P. 29(a)), petition for cert. filed, (U.S. June 21, 2012) (No. 11-11081). "'In reviewing the sufficiency of the evidence to support a guilty verdict, we look at the evidence in the light most favorable to the verdict and accept as established all reasonable inferences supporting the verdict.'" Augustine, 663 F.3d at 373 (quoting United States v. Campa-Fabela, 210 F.3d 837, 839 (8th Cir. 2000)).

Under 18 U.S.C. § 922(g)(1), "the government must prove the defendant (1) had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, (2) knowingly possessed a firearm, and (3) the firearm was in or [a]ffecting interstate commerce." United States v. Varner, 678 F.3d 653, 656 (8th Cir. 2012). Porter challenges the sufficiency of the evidence as to the second element: that he knowingly possessed the firearm. Porter's principal argument is that the firearm had no identifiable fingerprints or DNA on it when it was recovered. He also argues that Officer Becherer could not "visually verify" that the item he saw Porter place under his car was a firearm. Finally, Porter argues that the trial testimony contradicted the statement Porter allegedly made to the officers that he was the "muscle" of the gas station because Porter's uncle testified that Porter did not provide security for the station.

As to Porter's attack on the sufficiency of the evidence regarding the lack of fingerprints or DNA found on the firearm, "forensic evidence is not necessary" for a firearms conviction. Varner, 678 F.3d at 657. Officer David Menendez, a firearms examiner, testified he only discovers fingerprints on firearms in three to five percent of cases; thus, he was not surprised that he did not discover fingerprints on the seized weapon.

Although forensic evidence was absent, there was ample evidence to support the jury's conviction. Officer Becherer testified that the area where Porter placed the object was well illuminated due to numerous lights surrounding the parking lot. Officer Becherer also testified that he observed Porter place what he believed was a weapon under Porter's vehicle; that no one other than Porter had access to the area under the vehicle; that Officer Becherer did in fact seize a firearm from under the vehicle; and that Porter confessed his reasons for possessing the firearm. To the extent that Porter quibbles with Officer Becherer's recitation of the events including the Officer's description of the visibility conditions at the station and of Porter's admission that he was the muscle of the station, such "arguments go directly to the officer['s] credibility . . . , a determination that is uniquely within the province of the jury." Varner, 678 F.3d at 657. Accordingly, the court did not err in denying Porter's motion for acquittal.

III.

In addition to challenging the sufficiency of the evidence, Porter argues the district court erred in overruling his objection to statements made by the Government's counsel during closing arguments. Porter called his uncle, Raymond Porter, as his only witness, and Raymond Porter testified that at the time of Porter's arrest, employees typically parked their cars in an area of the parking lot where there was no lighting. However, Officer Becherer testified the light was sufficient to enable him to observe Porter placing the object beneath his car. In his closing argument, the Government's counsel stated:

> There was one witness provided by the defense, Mr. Porter, Raymond Porter. . . . He was not there that night. . . . Who was there? The defendant, and also two police officers, and they testified unequivocally to what they saw that night. They didn't hesitate.

Porter argues these statements violated Porter's right not to testify, which is guaranteed by the Fifth Amendment, because the statements suggested to the jury that Porter's failure to testify indicated his guilt. The district court overruled Porter's objection to these statements, finding they were not "an inappropriate comment on the defendant's right not to testify," because the statements referred to the testimony of others and not of the defendant.

"[P]rosecutorial misconduct occurs when the prosecutor comments at trial, directly *or indirectly*, on the defendant's failure to testify." United States v. Triplett, 195 F.3d 990, 995 (8th Cir. 1999). "Indirect references to a defendant's failure to testify are . . . prohibited if they . . . are such that the jury would naturally have understood them as a comment on defendant's failure to testify.'" Sidebottom v. Delo, 46 F.3d 744, 759 (8th Cir. 1995) (quoting Pollard v. Delo, 28 F.3d 887, 890 (8th Cir. 1994)). "'[T]he trial court has broad discretion in controlling closing arguments[,] and this court will not reverse absent a showing of an abuse of discretion.'" Triplett, 195 F.3d at 995 (citation omitted).

Porter relies on United States v. Triplett to support his contention that the jury would have understood Government's counsel's arguments as a comment on Porter's failure to testify. In Triplett, the defendant was tried for possession with the intent to distribute heroin. Triplett, 195 F.3d at 992. In the rebuttal portion of closing arguments, the Government counsel stated: "What you didn't hear was evidence that the defendant didn't possess the drugs. You never heard that. You never heard evidence that the defendant didn't know that he possessed the drugs." Id. at 994. We noted that the Government's theory was that Triplett acted alone in distributing heroin. We reasoned that

> [t]he jury, therefore, would have reasonably understood the prosecutor's statement—"What you didn't hear was evidence that the defendant didn't possess the drugs"—as a reference to Triplett's silence at trial because, according to the government's own theory of the case,

-5-

no one other than Triplett himself could have testified about his possession of the drugs.

Id. at 995.

We find Triplett distinguishable from the case at hand. The Government's counsel here merely sought to negate Porter's main argument at trial: that diminished visibility conditions at the gas station would have prevented the officers from seeing what Officer Becherer testified they saw. We think the counsel's statements:

> There was one witness provided by the defense, Mr. Porter, Raymond Porter. . . . He was not there that night. . . . Who was there? The defendant, and also two police officers, and they testified unequivocally to what they saw that night.

would have been fairly interpreted by the jury as the Government's attempt to point out that the testimony as to the visibility conditions was one witness's word against another, but only one of the witnesses was actually present to observe the visibility conditions. This jury argument was not a comment on Porter's failure to testify but instead was merely an analysis of the testimony presented. Accordingly, the district court did not abuse its discretion in overruling Porter's objection to the statements.

## IV.

For the foregoing reasons, we affirm.

_____