# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3739

_____

United States of America

*Plaintiff - Appellee*

v.

Leroy Shumaker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 12, 2017
Filed: August 9, 2017

_____

Before RILEY, BEAM, and SHEPHERD, Circuit Judges.

_____

BEAM, Circuit Judge.

Leroy Shumaker appeals his conviction and sentence for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841, claiming that the

district court[1] improperly denied his motion for a judgment of acquittal and motion for a new trial. For the reasons discussed below, we affirm.

## I.    BACKGROUND

On May 7, 2015, officers received information that a trailer located at Shumaker's residence contained a stolen rain-gutter machine. The officers also had information that Shumaker may have been involved in selling narcotics. Two officers arrived at Shumaker's residence around 3:00 p.m. and noticed a woman outside. The officers asked to speak with Shumaker inside his residence but he declined and stepped outside. He told the officers that he was storing the trailer for a friend and consented to a search of the trailer. The officers found the stolen rain-gutter machine inside the trailer. Shumaker agreed to go to the police station and answer questions. One officer remained at the house to tow the trailer. During the interview at the police station, Shumaker stated that he was holding the trailer for Troy Rickard.

After the interview with Shumaker, an officer met with the owner of the stolen rain-gutter machine who informed the officer that additional items were stolen. Officers then obtained a search warrant for Shumaker's residence. During this time, two officers watched the entire perimeter of the residence to ensure no one left or entered the residence. Officers returned to Shumaker's residence later in the day and executed the search warrant. The officers assigned to secure the residence testified that no one had come or gone from the residence after Shumaker left. Because no one was in the residence and the front door was locked, officers entered through the porch window. The following items were found in the residence: three packages of methamphetamine in varying quantities, money totaling $1,214, plastic baggies, two drug scales, three drug ledgers, large baggies with methamphetamine residue, a pair

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

of tweezers, a Twigs Glass and Gift business card, a lighter, and a pipe. Sixty $20 bills, 28.84 grams of methamphetamine, a scale, and drug records were found in a kitchen cabinet. Officers located a bill addressed to Shumaker in the living room of the residence. There was no evidence that anyone other than Shumaker lived in the residence.

On March 22, 2016, a federal grand jury returned a one-count indictment charging Shumaker with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841. He pled not guilty, and trial commenced on June 14, 2016. At trial, an officer testified that the baggies found in Shumaker's residence were "designer Ziplock baggies" that he had only seen used for transporting narcotics. The officer also stated that the large quantity of drugs, along with packaging materials, scales, ledgers, and currency, found in Shumaker's residence was clearly indicative of drug sales. At the close of the government's case, Shumaker moved for dismissal, claiming the government failed to meet its burden. The court denied the motion.

Teresa Forbes, who knew Shumaker through her sign company and fruit stand, testified on Shumaker's behalf that she knew he used illegal substances but never saw him with large quantities. She also testified that she had seen "Bailey" at Shumaker's residence with large quantities of drugs. Shumaker testified that he has been using methamphetamine regularly for the past 35 years and that Briley Gonzalez, Troy Rickard, and Sonja Smithberg were his drug dealers. He further testified that when the police officers arrived at his house on May 7, 2015, Veronica Lopez was outside and Gonzalez, his current methamphetamine supplier, was doing laundry inside his residence. Shumaker speculated that the methamphetamine found in his kitchen was left by Gonzalez because he claimed it was not there when he left to go to the police station. On rebuttal Rickard testified that when his main methamphetamine supplier was not available, his girlfriend, Smithberg, introduced him to Shumaker. Rickard further testified that he went to Shumaker's house and purchased methamphetamine

from Shumaker three times in late 2014 or in the winter of 2015. Rickard specifically noted that Shumaker kept the methamphetamine and scale in a cabinet in the kitchen. He described the residence and location of the methamphetamine before officers showed him any pictures or told him they found methamphetamine in the residence. Rickard pleaded guilty to possession with intent to distribute methamphetamine and agreed to cooperate with the government in hopes of receiving a reduced sentence.

The case was submitted to the jury on the morning of June 16, 2016, and the jury returned a guilty verdict 6.5 hours later. The jury was polled at Shumaker's request, and each juror affirmed the verdict. With an offense level of 32 and a criminal history category III, Shumaker's United States Sentencing Guidelines range was 151 to 188 months' imprisonment. Shumaker objected to the quantity of methamphetamine for which he was held accountable, as well as the enhancement imposed for obstruction of justice. He also filed a motion to set aside the verdict and a motion for a new trial. Shumaker argued that he had recently been able to find utility bills showing that utilities were not placed in his name until February 2015. He also attached an affidavit from his landlord stating that Shumaker did not occupy the residence until late March or April of 2015, both facts Shumaker argued negated any inference that he dealt drugs during the time frame presented by the prosecution.

The district court addressed these motions at the sentencing hearing, specifically noting that Rickard testified that he purchased methamphetamine from Shumaker in late 2014 and in the winter of 2015. The district court stated that late March in Nebraska could be considered winter. Moreover, the district court found it particularly instructive that Rickard "pinpointed the location of the methamphetamine, where the defendant was storing it at the time of a sale to Rickard, as the exact same place in the vertical column cabinetry outside the kitchen. And that corresponded with where law enforcement later found the drugs." The district court denied his motion for a new trial and advised Shumaker of the three-year statute of limitations for motions for new trials, suggesting that he may be able to file a motion

later with more evidence. The district court denied the motion objecting to the drug quantity but sustained his objection to the obstruction of justice enhancement. Based on the new Guidelines range of 121 to 151 months' imprisonment, Shumaker was sentenced to 121 months' imprisonment to be followed by a three-year term of supervised release. Shumaker now appeals arguing that the district court erred in (1) denying his motion for a judgment of acquittal, and (2) denying his motion for a new trial based on newly discovered evidence.

## II.    DISCUSSION

### A.    Motion for Judgment of Acquittal

Shumaker argues that the trial court erred in denying his motion for a judgment of acquittal because the evidence presented at trial was insufficient to support his conviction. We disagree. "In reviewing the sufficiency of the evidence to support a guilty verdict, we look at the evidence in the light most favorable to the verdict and accept as established all reasonable inferences supporting the verdict." United States v. Augustine, 663 F.3d 367, 373 (8th Cir. 2011) (quoting United States v. Campa-Fabela, 210 F.3d 837, 839 (8th Cir. 2000)). We review a district court's denial of a motion for judgment of acquittal de novo. Id. However, "[w]e review a challenge to the sufficiency of the evidence deferentially . . . and affirm if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (alterations in original) (quoting United States v. Goodyke, 639 F.3d 869, 872 (8th Cir. 2011)).

"Jury verdicts are not lightly overturned," United States v. Hilliard, 490 F.3d 635, 640 (8th Cir. 2007) (quoting United States v. Anwar, 428 F.3d 1102, 1108 (8th Cir. 2005)), and here, the evidence was more than sufficient to support the jury's conviction. Shumaker was the sole occupant of the residence where officers found more than 40 grams of methamphetamine and drug distribution materials. While

Shumaker accompanied officers to the police station for further questioning regarding the stolen rain-gutter machine, officers were called to Shumaker's residence to ensure no one entered or left the residence. When officers arrived later to execute the search warrant, they were forced to enter through a window because both the basement and front doors were locked. Shumaker argues that the methamphetamine found in the residence belonged to his supplier, Gonzalez, who was doing laundry at the residence. However, there was no evidence that anyone else lived at the residence, and officers testified that no one came or went from the residence while it was under police surveillance. Moreover, Rickard testified that he purchased large quantities of methamphetamine from Shumaker at the residence on three separate occasions and described in detail the location in the kitchen where Shumaker stored the methamphetamine. Shumaker argues Rickard's testimony should have been given minimal, if any, weight because "he is a drug dealer" and "[h]is testimony was being offered to procure a benefit, for himself." Although that may be true, "[t]he jury's credibility determinations are virtually unreviewable on appeal." United States v. Aldridge, 664 F.3d 705, 715 (8th Cir. 2011). And here, as discussed above, Shumaker's conviction was not based solely on Rickard's testimony. Viewing the evidence in the light most favorable to the jury verdict, there was sufficient evidence to support the jury's guilty verdict.

## B.    Motion for New Trial Based on Newly Discovered Evidence

Shumaker also argues that the district court erred in denying his motion for a new trial based on new evidence that he was not in possession of the residence at the time of the alleged transactions with Rickard. We disagree. This court reviews a district court's denial of a motion for a new trial based on newly discovered evidence for clear abuse of discretion. United States v. Baker, 479 F.3d 574, 577 (8th Cir. 2007). "The standard for a new trial on this basis is 'rigorous' because these motions are 'disfavored.'" Id. (quoting United States v. Dogskin, 265 F.3d 682, 685 (8th Cir. 2001)).

-6-

> To obtain a new trial on the basis of newly discovered evidence, we require the moving party to demonstrate that "(1) the evidence is in fact newly discovered since trial; (2) diligence on his part; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues involved; and (5) it is probable that the new evidence would produce an acquittal at the new trial."

United States v. Bell, 761 F.3d 900, 911 (8th Cir. 2014) (quoting United States v. Myers, 503 F.3d 676, 682-83 (8th Cir. 2007)).

At sentencing, Shumaker stated that since trial, he had been able to collect utility bills showing that he was not in possession of the residence until February 2015. He also submitted an affidavit from his landlord, which stated that the landlord did not believe that Shumaker occupied the residence until March or April of 2015. At trial, Rickard testified that he purchased methamphetamine from Shumaker three times in late 2014 or winter of 2015. In addressing Shumaker's motion, the district court pointed out that late March could very well be considered winter in Nebraska and that it failed to see that how the alleged inconsistency was "pivotal." Rather, the key aspect of Rickard's testimony was that he "pinpointed the location of the methamphetamine, where the defendant was storing it at the time of a sale to Rickard, as the exact same place in the vertical column cabinetry outside the kitchen" where officers later found methamphetamine during their search. Although Shumaker's new information potentially calls into question when Shumaker moved into the residence, or set up utilities, it does not contradict Rickard's testimony about where Shumaker kept his methamphetamine. The newly discovered evidence was not material to the issues involved and would not have produced an acquittal at a new trial. At best, the newly discovered evidence was impeaching. Thus, the district court did not abuse its discretion in denying Shumaker's motion for a new trial.

## III.  CONCLUSION

The judgment of the district court is affirmed.[2]

_____

_____

[2]We deny Shumaker's pro se motion for substitution of counsel.