# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 24-3580

———————————————

United States of America

*Plaintiff - Appellee*

v.

Robert Walker

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: November 21, 2025
Filed: March 3, 2026

——————————

Before COLLOTON, Chief Judge, SHEPHERD, and ERICKSON, Circuit Judges.

——————————

ERICKSON, Circuit Judge.

A jury convicted Robert Walker of knowingly and intentionally distributing 50 or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(A).  The district court[1] sentenced him to a term of 125 months' imprisonment to be followed by five years of supervised release.  Walker appeals, and we affirm.

## I.     BACKGROUND

In early March 2022, Nathan Robbins, a detective with the Jacksonville Police Department, obtained information indicating Walker was a source of supply for methamphetamine in central Arkansas.  The confidential informant ("CI") agreed to participate in a controlled buy on March 28, 2022, near the Extended Stay on Kanis Road.  Law enforcement officers provided the CI with $1,200 to purchase four ounces of methamphetamine from Walker.  When Walker changed the meeting location, law enforcement regrouped, equipped the CI with an audio/video recording device, and drove the CI to the new meeting location on South University.

Once there, the CI exited the agent's vehicle and got into the back seat of a maroon car.  Walker was seated in the driver's seat of the maroon vehicle, and a female was in the passenger's seat.  Detective Robbins, a few blocks away, listened and watched a live stream of the encounter on his phone.  Walker told the CI, "I guarantee you, it's 112, 112 average."  In Detective Robbins's experience, Walker's statement meant that Walker had four ounces of methamphetamine, as each ounce is 28 grams.  The CI asked Walker if he was "going to charge me 12," which Detective Robbins understood meant $1,200, and then tried unsuccessfully to negotiate a lower price.

Walker exited the vehicle to weigh the drugs.  The CI then asked the female passenger about an empty gun case on the back seat.  When Walker returned to the vehicle, the CI asked Walker if he ever got "a piece."  Walker responded, "I got one" and they discussed a .38 pistol with a snub nose.  Prior to leaving, the CI mentioned possibly needing more methamphetamine the next day and said he would call that

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

night "about that other." The CI returned to the agent's vehicle where he removed the recording equipment and gave the substance to the agents, which field tested positive for methamphetamine. Subsequent laboratory tests calculated the purity of the methamphetamine at 94% with a net weight of 113.44 grams.

Prior to trial and during trial, Walker objected to admission of the video recording of the controlled buy on three grounds: (1) the recording could not be authenticated; (2) it contained inadmissible hearsay; and (3) in the alternative, if otherwise admissible, the relevance was substantially outweighed by unfair prejudice due to discussion of the gun. The district court overruled Walker's objections. Walker also unsuccessfully objected to admission of a transcript of the recording prepared by the prosecution. The court gave a limiting instruction, telling the jury that the transcript could be considered for the limited purpose of helping them follow the conversation as they listened to the recording, but the evidence is what they hear on the recording, not what they read.

The jury convicted Walker of distributing 50 or more grams of methamphetamine. His conviction carried a mandatory minimum sentence of 10 years' imprisonment. See 21 U.S.C. § 841(b)(1)(A). The district court calculated an advisory Sentencing Guidelines range of 121 to 151 months. Walker's counsel requested a one-month downward variance to the statutory minimum. Speaking on his own behalf, Walker urged the court to impose a sentence below the mandatory minimum based on the sentencing entrapment doctrine. The district court declined Walker's request and sentenced him to a 125-month term of imprisonment.

## II.    DISCUSSION

On appeal, Walker contends the district court erred in admitting the video, the accompanying transcript, and still photos taken from the recording, and committed procedural error by not addressing his sentencing entrapment argument and failing to adequately explain its reasons for the sentence.

## A. Evidentiary Challenges

Walker asserts the district court committed reversible error when it overruled his objections to admission of the video of the controlled buy, claiming: (1) it did not make explicit findings as to the recording's authenticity; (2) it failed to conduct the balancing test required by Rule 403 of the Federal Rules of Evidence; and (3) it did not articulate which hearsay exception applied, even though Walker expressly inquired about this issue.

"We review evidentiary rulings for clear abuse of discretion, 'reversing only when an improper evidentiary ruling affected the defendant's substantial rights or had more than a slight influence on the verdict.'" United States v. Anderson, 783 F.3d 727, 745 (8th Cir. 2015) (quoting United States v. Henley, 766 F.3d 893, 914 (8th Cir. 2014)).

### 1. Authentication of the Recording

The Federal Rules of Evidence require recordings to be authenticated. United States v. Kimble, 54 F.4th 538, 547 (8th Cir. 2022). To authenticate an item of evidence, the proponent must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The proponent's burden is a "low bar," requiring only that there is "a rational basis for that party's claim that the [evidence] is what it is asserted to be." United States v. Lamm, 5 F.4th 942, 946-47 (8th Cir. 2021).

In determining whether the proponent has laid a proper foundation for admission, this Court has applied a non-exhaustive list of factors, including: "whether a party has established that (1) the device was capable of recording, (2) the operator of the recording device was competent, (3) the recording is authentic and correct, (4) the recording has not been changed, (5) the recording has been preserved, (6) any speakers in the recording are identified, and (7) the conversation was voluntary." Kimble, 54 F.4th at 547 (citing United States v. McMillan, 508 F.2d

101, 104 (8th Cir. 1974)). A trial court may admit a recording "even if not every factor is explicitly and completely met," if the totality of the circumstances satisfies the court that the recording is reliable. Id.

Applying these factors, this Court has explained that video recordings are properly authenticated when an officer testifies that, among other things, the video is authentic and correct, the video has not been altered, and the recording has been preserved. Id. at 547-48. Similarly, a transcript of a recording may be properly authenticated by an officer's testimony as to the transcript's accuracy and identification of the speakers in the video. United States v. Frazier, 280 F.3d 835, 849-50 (8th Cir. 2002). Here, Detective Robbins testified that he was nearby with other officers during the controlled buy. While Detective Robbins was not the officer who equipped the CI with the recording device, he testified that he watched on his government phone a live feed of the events that unfolded between the CI and Walker and the video recording accurately depicted those events. Detective Robbins further testified that at the conclusion of the controlled buy, he accessed the video recording from the online cloud storage where the recording was saved and downloaded it to a portable storage medium. Finally, Detective Robbins testified that he helped prepare and edit the transcript and the transcript offered by the prosecution accurately reflected what was said by who during the controlled buy.

Walker's arguments that Detective Robbins's testimony was insufficient are unpersuasive. While Walker contends no evidence supports Detective Robbins's testimony that he watched the video feed in real time as the controlled buy took place, he offers nothing to disprove Robbins's testimony other than his own unsupported speculation. Cf. Kaplan v. Mayo Clinic, 653 F.3d 720, 726 (8th Cir. 2011) (stating unsupported speculation is insufficient to demonstrate improper authentication). Walker also contends the video is flawed because there are gaps in the recording, but this Court has explained that gaps in a recording affect the weight of the evidence, not its admissibility. United States v. Oslund, 453 F.3d 1048, 1056 (8th Cir. 2006) (internal quotation omitted).

Once the proponent satisfies the threshold requirements, questions of authenticity become fact questions for the jury. Kaplan, 653 F.3d at 726. The district court did not clearly abuse its discretion when it found the video recording was adequately authenticated.

## 2. Rule 403 Balancing Test

Walker asserts the district court did not adequately consider his concerns regarding the prejudicial effect of the video, the transcript, and the "highly prejudicial" effect of the discussion regarding the gun. Rule 403 of the Federal Rules of Evidence, in relevant part, permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice[.]" Fed. R. Evid. 403. To fall within the exclusionary scope of Rule 403, evidence must be unfairly prejudicial, not merely prejudicial in that it tends to implicate the defendant in the crime charged. United States v. Ridings, 75 F.4th 902, 906 (8th Cir. 2023). In other words, evidence is unfairly prejudicial if it "tends to suggest decision on an improper basis." Id.

Here, Walker was charged with distributing more than 50 grams of methamphetamine on March 28, 2022. A recording capturing Walker's sale of methamphetamine on March 28, 2022, is unquestionably probative of the charge. The prosecution gave notice of its intent to offer the recording, arguing the colloquy regarding the gun was relevant intrinsic evidence of the crime charged and the gun discussion could not be excised without also removing discussion of the drug transaction itself.

This Court has frequently recognized that "a firearm is a tool of the trade for drug dealers." United States v. Donnell, 596 F.3d 913, 920 (8th Cir. 2010) (cleaned up). In Donnell, the defendant—charged in a drug trafficking conspiracy—challenged the admission of wiretap recordings capturing conversations about firearms but no mention of drugs. In concluding the district court did not abuse its discretion in admitting the recordings, the Court explained the conversations "bear

out the relationship between drugs and firearms" and were supportive of the prosecution's claim that the defendant acted as an enforcer in the organization and were probative of the defendant's awareness of potential law enforcement involvement. Id.

The record shows the district court decided it was not going to exclude the discussion about the gun and asked counsel "to meet and see if we can work up an instruction on it." The jury was instructed that Walker was "on trial only for the crime charged and not for anything else." At trial, when the video was about to be played for the jury, defense counsel requested a sidebar and asked for an instruction to "reinforce the idea they [the jurors] won't be persuaded or distracted by the gun." The prosecutor opined that "no comment on the gun is better than any instruction on the gun." The district court agreed with the prosecutor, ruling, "I think you are right. I overrule your objection, save your exception."

The district court heard from both sides on the potentially prejudicial nature of allowing the discussion about the gun. The court considered whether to give the jury a limiting instruction but ultimately determined that no instruction was better than drawing additional attention to the discussion about the gun. "While this may not amount to a lengthy analysis, the district court's mere failure to make a record of its Rule 403 weighing is not reversible error." United States v. McCourt, 468 F.3d 1088, 1092 (8th Cir. 2006) (cleaned up). The record shows the district court considered Walker's concerns and overruled his objections. The general rule when applying Rule 403 is the balance should be struck in favor of admission and this Court is to "give great deference to the trial judge who saw and heard the evidence." United States v. Augustine, 663 F.3d 367, 373 (8th Cir. 2011) (cleaned up). We cannot say the district court abused its discretion in admitting the entire recording.

### 3. *Hearsay Objection*

Finally, Walker contends the district court admitted the recording and accompanying transcript without articulating which hearsay exception applied to the

evidence. Hearsay is a statement that the declarant does not make while testifying at the current trial or hearing, which a party offers "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "Statements providing context for other admissible statements are not hearsay because they are not offered for their truth." United States v. Ralston, 973 F.3d 896, 913 (8th Cir. 2020). Even if an out-of-court statement is offered for the truth of the matter asserted, such a statement is not hearsay if the statement is "offered against an opposing party and . . . was made by the party in an individual or representative capacity." Fed. R. Evid. 801(d)(2).

During the pretrial conference, the prosecution argued Walker's statements in the video were admissible as statements of a party opponent under Rule 801(d)(2) and the CI's statements provided context and were not offered for the truth of the matter asserted. Although it would have been helpful for the district court to explicitly state its reasons for overruling Walker's objections, the record establishes Walker's statements were admissible under Rule 801(d)(2) and the CI's statements were offered for a purpose other than the truth of the matter asserted. Walker has failed to show an abuse of the district court's discretion.

## B. Sentencing Challenges

Walker contends he satisfied his burden of showing sentencing entrapment and made nonfrivolous arguments to support his claim. He further contends the district court failed to adequately explain the reasons for his sentence.

### 1. Sentencing Entrapment

The existence of sentencing entrapment is a factual finding we review for clear error. United States v. Warren, 788 F.3d 805, 813 (8th Cir. 2015). Sentencing entrapment occurs when law enforcement conduct leads a person who is otherwise indisposed to deal a larger quantity or different type of controlled substance to sell the larger quantity or different substance resulting in a longer sentence. United States v. Martin, 583 F.3d 1068, 1073 (8th Cir. 2009). The burden of proof rests on

the person claiming sentencing entrapment to "prove by a preponderance of evidence that he lacked the predisposition to sell a larger quantity or different type of drug." Id.

Walker did not offer any evidence at trial or at the sentencing hearing to show he was indisposed to sell four ounces of methamphetamine. Instead, he contends an indisposition can be inferred because his prior drug convictions involved small quantities of controlled substances and he would not have sold a larger quantity but for the CI's request. Walker's argument is insufficient to satisfy his burden of showing he was indisposed to sell the quantity of methamphetamine for which he was convicted.

To the contrary, Walker sold 113 grams (four ounces) of methamphetamine to the CI. When the CI inquired about purchasing additional methamphetamine the next day, Walker told the CI that he obtains methamphetamine "11, 12, 13 at a time, like just under a pound at a time." Detective Robbins testified that he understood this statement to mean that Walker obtained methamphetamine in quantities of just under a pound at a time. Given the evidence, the district court did not clearly err when it declined to impose a sentence below the mandatory minimum due to sentencing entrapment.

### 2. *Adequacy of the Explanation for the Sentence*

Walker did not object to the adequacy of the district court's explanation for his sentence at the sentencing hearing, so we review his challenge for plain error. United States v. White, 863 F.3d 1016, 1021 (8th Cir. 2017). A district court adequately explains its sentence if it articulates a reasoned basis for the sentence. United States v. Mays, 993 F.3d 607, 619 (8th Cir. 2021). In determining whether the explanation is adequate, we look at the entire sentencing record. United States v. Robinson, 516 F.3d 716, 718 (8th Cir. 2008).

-9-

Walker focuses on the district court's failure to directly address his sentencing entrapment argument and his related request for a sentence below the mandatory minimum. But "not every . . . argument advanced by a defendant requires a specific rejoinder by the judge." United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008). This is especially true here, where Walker did not present evidence in support of his argument and the evidence in the record undermines his argument. We presume the district court considered Walker's arguments but for other reasons concluded a sentence within the advisory Sentencing Guidelines range was appropriate and no further explanation was required. See United States v. Banks, 960 F.3d 982, 985 (8th Cir. 2020). Having carefully reviewed the record, we find the district court did not plainly err when it imposed a within-Guidelines sentence of 125 months.

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

_____